### LISA, Plaintiff in Error, *vs.* LINDELL, Defendant in Error.

21b 127
57a 451

1. S. B. & L. owned an addition to St. Louis, a portion of which was laid off into lots, and the remainder not subdivided. An execution against L. was levied upon what was described in the advertisement and sheriff's deed as the one undivided third part of the lots in the addition remaining unsold. The addition was well known by its name. It did not appear that more than one of the lots had been sold prior to the sheriff's sale. *Held*, the description in the sheriff's advertisement and deed was sufficiently certain to pass L.'s interest in the lots remaining unsold.

*Error to St. Louis Circuit Court.*

This was an action in the nature of ejectment, for an undivided one-third of lots 6, 7 and 8, in Smith, Bates & Lisa's Addition to St. Louis. The petition stated that the lots were originally owned by Smith, Bates & Lisa, as tenants in common, and that all the interest of the latter had become vested in the plaintiff. The defendant set up an outstanding title in Oliver N. Bostwick, under a sheriff's deed, and the validity of this title was the only question in the case.

At the trial, the following facts appeared in evidence :

On the 12th of November, 1825, a decree was rendered in the Supreme Court in favor of Francis W. Guisse and Jesse E. Snider, for the use of John J. Summers, against the executors of Jacques Clamorgan and the executors of Manuel Lisa. An execution issued upon this decree on the 15th of November, 1825, against the goods and chattels, lands and tenements which were of Jacques Clamorgan and Manuel Lisa at the time of their deaths. This execution was by the sheriff levied upon what was described in the advertisement of sale as " all the right, title, interest, estate and property of the deceased (Clamorgan and Lisa) at the time of their death, or of either of them, in and to the following described real estate, viz: The one undivided third part of the lots which were not sold by the said M. Lisa, deceased, in the addition to the then city of St. Louis, laid out by said Lisa, Wm. Smith and F. Bates, on the river, at the upper end of the city of St. Louis, and adjoining the ox mill of Labbadie."

The sheriff, in his return upon the execution, stated that he levied upon the real estate described in the advertisement, a copy of which was annexed to the execution, and after advertising according to law, sold the same to Oliver N. Bostwick on the 29th of April, 1816.

On the 19th of May, 1826, the sheriff executed to Bostwick a deed, in which the land conveyed was described as, " all the right, title, claim, interest, estate and property of Jacques Clamorgan and Manuel Lisa, or either of them, at the time of

their death, in and to the following described real estate, that is to say : the one undivided third part of a piece or parcel of ground situated on the bank of the Mississippi river, north of the present limits of the city of St. Louis, and adjoining the ox mill of Labbadie, which piece or parcel of ground was laid out into lots in addition to the then town, now city of St. Louis, by said Lisa, Wm. Smith and Fredk. Bates ; therefore the property which is hereby conveyed is the undivided interest of said Manuel Lisa in and to all the lots laid out upon said piece or parcel of ground, which was not sold and conveyed by said Lisa before the rendition of the judgment upon which the above named execution was issued."

Witnesses for the defendant testified that the addition of Smith, Bates & Lisa to St. Louis was laid out in 1817, and was well known in St. Louis in 1825 and 1826 ; that it was bounded north by Carr, east by the river, south by Roy, and west by M. Lewis ; that a portion of it was laid off into forty-eight lots, and the balance was not subdivided.   Jesse G. Lindell, a brother of the defendant, testified that he bought one of these lots in 1820, and this was the only evidence as to the sale of any of the lots prior to the sheriff's sale.   It was admitted that no plat of Smith, Bates & Lisa's addition had been filed for record at the time of the sheriff's sale.

The following instruction was given by the Circuit Court ;

" If Lisa, Smith & Bates, being co-tenants and the owners in fee simple of the tract of land mentioned in the sheriff's deed read in evidence by the defendants, some time in or about the year 1817, laid out the said tract into an addition to St. Louis, as mentioned in the said deed, and the said tract and addition were well known at the time of the levy and sale, by the description given in the sheriff's advertisement or deed, (no plat of said addition having been filed for record up to the time of the execution of the said deed,) and if the land in dispute is within the said addition, then the said deed was effectual to convey to the purchaser, Bostwick, all the interest of said Lisa remaining unsold therein.   That the interest conveyed is in

express terms restricted to that actually owned or retained by Lisa at the time of his decease, without any other or more special designation of the particular lots intended to be sold, cannot operate to render the deed void for uncertainty."

The plaintiff excepted to the giving of this instruction, took a nonsuit, and afterwards brought the case to this court by writ of error.

*J. R. Shepley*, (with *C. D. Drake*,) for plaintiff in error, argued the following points : I. The deed cannot operate to convey any larger interest or any other land than that levied upon and advertised to be sold. It is the land levied upon that is conveyed by the sheriff's deed, and it is that which fixes what is sold. (*Helms* v. *Alexander*, 10 Humphreys, 44. *Gibbs* v. *Thompson*, 7 Humph. 181. *Jackson* v. *Rosevelt*, 13 Johns. 97. *Jackson* v. *De Lancy*, 13 Johns. 538. *Brigance*, v. *Erwin*, 1 Swan, (Tenn.) 375. 10 Georgia, 74.) II. Under what appears on the deed itself and the defendant's own proof, the deed would be inoperative, even if the levy was made upon, and the deed had purported to convey Lisa's interest in the whole tract. A sale made in mass of property divided into lots is void. (*Evans* v. *Ashley*, 8 Mo. Rep. 185.) III. The deed is not rendered any better, nor is the sale any more valid because no plat of the addition was filed for record up to the time of the execution of said deed. 1. No plat of a town or addition was required to be filed until the 1st of April, 1826. (R. C. 1825, p. 762.) 2. The levy itself recognizes the addition as made and existing, and the division of it into lots. IV. The deed is void for uncertainty. (*Marmaduke* v. *Tenant*, 4 B. Mon. 211. *Whatley* v. *Newsom*, 10 Georgia, 74. *Brigance* v. *Erwin*, 1 Swan, (Tenn.) 375. *Jackson* v. *Delancy*, 13 Johns. 551.)

*U. Wright* and *B. A. Hill*, for defendant in error. 1. The sheriff's sale, in 1826, of all the interest of Manuel Lisa in the addition embracing the lots in question, was made upon a description sufficiently certain to vest the title of Lisa in the purchaser. (*Hartt* v. *Rector*, 8 Mo. Rep. 448. *Landes* v.

*Perkins,* 12 Mo. 260, 241. *Landes* v. *Brant,* 10 How. (U. S.) 373. *Bank of Mo.* v. *Bates & Wise,* 17 Mo. Rep. 583.) The case of *Evans* v. *Ashley,* 8 Mo. Rep. has no application to the case at bar.

Scott, Judge, delivered the opinion of the court.

There is no doubt but that it would have been the safer doctrine, in relation to sales of real estate by sheriffs, to have holden that, in no case was the sale an absolute nullity, so to be regarded whenever it was brought into question ; but that it was only voidable, to be set aside on motion, at the return of the writ, or afterwards, by a proceeding in the nature of a bill in equity. If such sales were regarded in this latter light, complete justice might be done between the parties, and innocent purchasers would be protected ; whilst, if regarded in the former light, irreparable injury may be done under circumstances which could not but cause regret at the result following the operation of the law. Experience has shown that a motion or bill in equity is the mode of redress generally resorted to, where really any injury has resulted to the parties from the manner of conducting a sale, whilst the first objection has only been taken, when, from after events, it was made the interest of the parties to have it declared a nullity.

In the case of *Evans* v. *Ashley,* (8 Mo. Rep. 185,) this court, following a course of precedents which seemed warranted by law, declared a sheriff's deed a nullity, when taken in connection with the circumstances under which the sale was made—circumstances which showed that the description of the premises conveyed, given by the officer, did not serve at all to designate the land which was really sold. In that case, the defendant in the execution owned but six small lots, in 12½ arpens of ground, laid off into lots, which was sold by the description of "12½ arpens of land, near the town of St. Louis, and south of Elias Rector's, purchased by said Price of E. Hempstead's administrator, of the estate of M. Lewis, de-

ceased." The instruction on which the cause turned was to the
effect that, if the tract of land was laid off into town lots and
streets by the owner thereof, who sold six of those lots to the
defendant in the execution, and to other persons other of said
lots, and that the defendant in the execution was no other-
wise interested in said tract of land than as owner of the said
lots, then the title claimed under the sale by the sheriff is in-
valid.

Giving full scope to the principle laid down in the above
case, and recognizing its authority to its full extent, we do not
consider that it affects the cause now under consideration.
Here, the description is, " the one undivided third part of the
lots which were not sold by said M. Lisa, in the addition to the
then city of St. Louis laid out by said Lisa, Wm. Smith and
F. Bates, on the river," &c. It is in proof that this addition
was well known. There is no evidence of the sale of but one
of these lots, before the death of Lisa. This description is ap-
plicable to the land sold; it was known by the description given
at the time of sale. The words, " that were not sold," or
" remaining unsold," do not render the description uncertain
to an extent that affects it. They express nothing more than
what was implied. The registry act was in force at the time of
the sale. We may suppose the records would have shown what
lots were sold. These words would have put all those attend-
ing the sale upon inquiry. If one had purchased without no-
tice of a prior sale, and recorded his deed, he would have pre-
vailed against a prior unrecorded deed or agreement. So it is
not seen in what way the debtor in the execution could be af-
fected or those attending the sale could be misled or deceived
by the description. There is no similarity between this case
and that of *Evans* v. *Ashley*.

In the one case, six small lots situate in a tract of 12½ ar-
pens, are sold by the description of a tract of land containing
12½ arpens. In the other, the one undivided third part of the
lots remaining unsold in an addition to a town is sold. The

interest sold is advertised by this description. The addition is well known. There is no evidence of but one lot in the addition having been sold, and if they had been sold, the record would have shown it, and if it did not, a purchaser would not have been affected without notice. If none of the lots had been sold, the words, " remaining unsold," would not have affected the description with uncertainty ; and the fact that one or more of the lots were sold, does not affect the description, as the records furnished the means of ascertaining what were or were not sold.

It has long been the settled law, as declared here, that a sale in a lump, that is, of several tracts of land at a time, or of many lots together, did not make the sale a nullity, but was only a cause for avoiding it, in a direct proceeding instituted for that purpose.

The other judges concurring, the judgment will be affirmed.