### W. W. GRIER *et al. vs.* MOSES H. RHYNE.

A levy on land, under an attachment issued by a Justice of the Peace is sufficient, if it gives such a description as will distinguish and identify the land;

Therefore, a levy in these words: "I did, on the 12th day of June, 1869, levy on a certain tract, whereon defendant lives, containing 197 acres; also, another tract lying near the same, 70 acres more or less—no personal property, &c., to be found;" *was held*, to be sufficient.

A judgment of the Superior Court, upon a Justice's execution or attachment levied on land, under which judgment there was an execution and sale of the land, precludes all collateral enquiry into the regularity of the previous proceedings.

[*Huggins* v. *Ketchum,* 4 Dev. & Bat. 414; *Smith* v. *Lowe,* 2 Ired. 497; *McLean* v. *Paul,* 5 Ired. 22; *Jackson* v. *Jackson,* 13 Ired. 159; *McLean Moore,* 6 Jones 52; *Skinner* v. *Moore,* 2 Dev. & Bat. 138; *Burke* v. *Elliot,* 4 Ired. 355, cited and approved.]

CIVIL ACTION to recover possession of a tract of land tried before *Logan, J.,* at Spring Term, 1872, of GASTON Superior Court.

Plaintiff claimed under a sheriff's deed, and *ven. ex.* issued from the Superior Court. The evidence was, that an attachment was issued by a justice of the peace against one G. C. Rhyne for $175 due to the plaintiffs. This attachment was levied on the lands of the defendant in that action, and returned before the justice who gave judgment for the debt and returned the papers into Court. The levy was in these words, viz: "By virtue of an attachment I did on the 12th day of June, 1869, levy on a certain tract of land whereon the defendant lives containing 197 acres, and also on another tract near the same, 70 acres more or less. No personal property &c. J. F. Long D. S."

The judgment was regularly docketed on the 6th of August. A *venditioni exponas* was issued, and the land sold by the

sheriff, and bought by plaintiffs, to whom the sheriff made a deed.

The defendant claimed under a bond for title made by G. O. Rhyne, and also a deed conveying the 70 acres to M. H. Rhyne for the sum of $800. Several witnesses were examined by the defendant, touching the execution of the bond, deed &c., but as the decision of the Court is confined to two points made in the case, it is unnecessary to state this evidence.

Defendants counsel contended.

1st. It did not appear that under the attachment any advertisement had been made, or any process actually served on the defendant, as required by the provisional remedy now known as attachment, which is different from an attachment as it existed before C. C. P.

2d. That the levy was too vague, and not in compliance with law.

3d. That G. C. Rhynes interest was not the subject of levy.

His Honor after argument stated as his decided opinion, that plaintiff could not recover, and that he should so charge the jury. The plaintiffs submitted to a non suit and appealed.

*H. W. Guion,* for the plaintiff.
*J. H. Wilson,* for the defendant.

BOYDEN, J. Upon what ground his Honor gave the decided opinion, that the plaintiffs could not recover, upon the evidence offered in the cause, without submitting to the jury the questions of fact raised by such evidence, we are not informed.

The counsel for the defendant in this Court relies upon two grounds to sustain the opinion of his Honor.

1st. That the return of the levy is insufficient.

2d. That there was no evidence that there had been any advertisement, or that the defendant in the attachment had any notice of the proceedings.

The first question is against the defendant, as is shown by

the authorities cited by plaintiff's counsel. *Huggins* v. *Ketchum* 4, Dev. and Bat. 414. *Smith* v. *Lowe* 2, Ire. 457. *McLean* v. *Paul* 5, Ire. 22. *Jackson* v. *Jackson* 13, Ire. 159.

The other question is clearly against the defendant, as settled in this Court by the several cases cited by plaintiffs counsel, to wit: *McLean* v. *Moore* 6, Jones 520. *Skinner* v. *Moore* 2, Dev. and Bat. 138, and *Burke* v. *Elliott* 4, Ire. 355.

There was therefore error in the opinion of his Honor.

PER CURIAM.                                    *Venire de novo.*