P. H. SPILLMAN v. AUGUSTUS WILLIAMS and others.

*Service of process by publication—Attachment—Judgment.*

1. Service of process by publication must be made in strict compliance with the statutory requirements; but a mere irregularity in the steps preliminary to publication will not affect the validity of a judgment obtained upon such service, while it is sufficient ground for an application to set the judgment aside.

2. In attachment proceedings, the insufficiency of an affidavit does not render the whole proceeding void: it makes the judgment irregular only, not liable to be impeached collaterally.

(*Williams* v. *Woodhouse*, 3 Dev., 257; *White* v. *Albertson, Ib.*, 241; *Jennings* v. *Stafford*, 1 Ired., 404; *Stallings* v. *Gulley*, 3 Jones, 344; *Armstrong* v. *Harshaw*, 1 Dev., 187; *Burke* v. *Elliott*, 4 Ired., 355; *Hervey* v. *Edmunds*, 68 N. C., 243; *McKee* v. *Angel*, 90 N. C., 60; *Haines* v. *Dalton*, 3 Dev., 91; *Jones* v. *Judkins*, 4 Dev. & Bat., 454; *Carroll* v. *McGee*, 3 Ired., 13; *McElrath* v. *Butler*, 7 Ired., 398; *Ludwick* v. *Fair*, 7 Ired., 422; *Hooks* v. *Moses*, 8 Ired., 88; *Hiatt* v. *Simpson*, 13 Ired., 72; *Grier* v. *Rhyne*, 67 N. C., 338, cited and approved.)

Ejectment, tried at Fall Term, 1883, of Yadkin Superior Court, before *Shipp, J.*

This action was brought to recover the land described in the complaint. The defendants claimed title thereto as hereinafter indicated.

On the 26th day of March, 1873, C. W. Williams brought his action before a justice of the peace in Yadkin county against the plaintiff to recover the sum of $125.35. The summons in that action was made returnable on the 28th day of April, 1873. On the same day it was issued the sheriff made this return thereon: "Defendant not to be found in Yadkin county—said to be in the state of Iowa."

On the same day, the justice of the peace, upon application and an affidavit,—the material parts of which are as follows: "first, that the defendant, P. H. Spillman, is indebted to the plaintiff in the sum of $125.35, or thereabouts, which sum is due by note; and secondly, that defendant is not a resident of this state,"—granted a warrant of attachment in that behalf, returnable before him on the 28th day of April, 1873. This warrant was levied upon the land of the plaintiff in this action.

No order of publication of the summons, or notice thereof, or notice of the warrant of attachment appears, otherwise than is stated below.

On the 28th day of April, 1873, the justice of the peace gave judgment, the material parts of which are in these words: "Summons returned March 26th, 1873. Case came on for trial: defendant not found: said to be in the state of Iowa: it is adjudged that plaintiff have judgment by default for the sum of one hundred and fifteen dollars principal money: interest twelve dollars and seven cents with costs of this action.

April 28th, 1873.                    H. B. Brown, J. P."

"Plaintiff prays an attachment, which is granted; *due advertisement being made for* 30 *days.* Defendant fails to ap-

pear and answer according to law.   Judgment final granted
and property condemned to use of plaintiff.

April 28th, 1873.                    H. B. BROWN, J. P."

The justice of the peace certified his judgment and the at-
tachment proceedings to the superior court, June 3, 2873, and
the judgment was there docketed.   Thereupon, the clerk of
that court issued an execution, commanding the sheriff of
Yadkin county, " of the goods and chattels, lands and tene-
ments of P. H. Spillman, if to be found in your county, you
cause to be made the sum of one hundred and twenty-seven
dollars and seven cents; one hundred and fifteen dollars is
principal money, besides the further sum of two dollars and
sixty cents costs in said suit expended, whereof the said de-
fendant is liable as appears to us of record in the suit of
C. W. Williams against P. H. Spillman in justices's court
before H. B. Brown, Esq., and transferred to the judgment
docket of this court on the 3d day of June, 1873."

The sheriff made return of this execution to the effect
that he had levied the same on 62 acres of land; that he
had sold the same, and C. W. Williams, the plaintiff in the
execution, became the purchaser at the price of $105, which
sum was applied to payment of costs, and to part payment
of the judgment, and a deed was made by the sheriff to the
purchaser.

It appeared in evidence on the trial, in this action, that
the plaintiff had at the time of the trial, been absent from
this state ever since before 1873.   It did not appear that
any publication of notice of the summons or the warrant
of attachment, granted by the justice of the peace, was ever
made, except as stated by him in his order touching the
warrant of attachment made next after his judgment for
the debt.

It likewise appeared that C. W. Williams died intestate
in March of 1876, and the defendants, except the defendant,
Augustus Williams, are his heirs at law, and as such, they

made application to the proper court and the land in question was sold for partition ; at that sale the defendant, Augustus Williams, became the purchaser, and he paid a part of the purchase money.

The plaintiff insisted that the judgment given by the justice of the peace and the warrant of attachment and the sale of the land under and in pursuance of the same, were absolutely void, and passed no title to the land to the defendants as such heirs-at-law.

The defendants on the contrary, insisted that the judgment, the attachment proceedings and the sale of the land under them, were in all respects valid and passed the title to the land to the defendants, heirs-at-law ; and at all events, the judgment, attachment and other proceedings were at most only irregular and not void, and therefore could not be attacked collaterally in this action.

The court held that the judgment and the other proceedings in connection with and following it, were void and of no effect. The defendants excepted.

There was a verdict and judgment for the plaintiff and the defendants appealed to this court.

*Messrs. Furches* and *Williamson*, for plaintiff.
*Messrs. Clement & Gaither*, for defendants.

MERRIMON, J., after stating the case. Although a judgment be irregular or erroneous, yet, if the court granting it had jurisdiction of the parties to, and the subject matter of the action in which it was granted, it is not void, and it cannot be attacked collaterally for such irregularity or error. If it be irregular, that is, if it be granted contrary to the course of the court, it may be set aside, or corrected upon application of the party aggrieved in the action in which it was granted, by motion or other proper proceeding. If it be erroneous, that is, if it be granted upon an

erroneous view of the law applicable to the case in some material respect, the court granting it may, in apt time, correct its own error of law; or it may be corrected in an appellate court. *Williams* v. *Woodhouse,* 3 Dev., 257; *White* v. *Albertson,* Id., 241; *Jennings* v. *Stafford,* 1 Ired., 404; *Stallings* v. *Gulley,* 3 Jones, 344.

And in courts of record of general jurisdiction, where the court assumes jurisdiction, there arises a presumption in its favor, nothing appearing in the record to the contrary. This presumption may, however, be rebutted by a proper proceeding in the action. But no presumption in favor of the validity of a judgment can be allowed in opposition to a material statement or fact mentioned in the record, that tends to show the absence or want of jurisdiction.

But, if the court shall undertake to grant a judgment in an action where it has not jurisdiction of the parties to, and the subject matter of the action, and this appears upon the record by its terms, or by necessary implication, what purports to be, and has the semblance of, a judgment will be void and have no effect, and it may be disregarded and treated as a nullity everywhere and under all circumstances, because such act of the court would be *coram non judice.* If, for example, the defendant in an action had not been served with a summons, or had no notice to defend his right, and he did not appear in person or by attorney, and this appears in the record, any entry of what might purport to be a judgment against him would be a nullity, and all courts would so treat it. This is so because it is against natural justice as well as fundamental right, to take judgment against a man without giving him notice or opportunity to defend himself and his rights of property. *Armstrong* v. *Harshaw,* 1 Dev., 187; *Jennings* v. *Stafford, supra; Burke* v. *Elliot,* 4 Ired., 355; *Stallings* v. *Gulley, supra; Hervey* v. *Edmunds,* 68 N. C., 243; *McKee* v. *Angel,* 90 N. C., 60; Free. on Jud. § 116, *et seq.*

It is a settled rule of law, that there must be a strict observance of the statutory requirements in respect to constructive service of process in actions by publication. It must appear on the record in some way that the prerequisites of the statute have been substantially complied with before any presumption in favor of a judgment resting upon such service arises. This does not imply, however, that mere irregularities in the preliminary steps to publication and the orders made in respect thereto, necessarily render such judgments nullities, and therefore to be disregarded; indeed, ordinarily they do not; but they may be grounds, upon proper application in the action, for setting the judgment aside. If it be stated in the record of the action, that upon application publication as to the defendant therein was duly made, and this appears with reasonable certainty, the judgment would not be void, although the affidavits and orders in respect thereto might not appear. In such case the presumption would be in favor of the regularity of the judgment, however irregular it might be, and it could not be attacked collaterally. Such a statement or finding in substance or effect, is taken as showing that the court adjudged properly that it had jurisdiction of the party, obtained in the way and manner provided and allowed by law. *Omnia præsumuntur solenniter esse acta.* Freeman on Judg'ts, §§ 124, 126. *et seq.*

The judgment relied upon by the defendants was granted by the justice of the peace. It seems to be in some respects irregular, and the proceedings in the action, leading to and upon which it rests, were not very orderly, though rather more so than is usual in like cases. The proceedings show very plainly that the action was begun regularly by a summons; that a warrant of attachment was sued out and levied upon the land of the defendant therein; that publication was made; that judgment was granted and docketed in the office of the superior court clerk of the county of Yad-

kin, thus giving it the force and effect of a judgment of that court.

It was insisted on the argument that the affidavit upon which the warrant of attachment was granted and publication was made, was insufficient. If this be granted, such insufficiency did not render the whole proceeding in the action, including the judgment, void—it would only affect the judgment with irregularity. It appears that publication was duly made; the justice of the peace so found and noted the fact in the minutes of the proceedings, and his findings must be accepted here as true. Indeed, every intendment is in favor of the regularity of the judgment; the presumption is that it was regularly granted, and there is nothing appearing in the proceedings going to show that there was not constructive service of the summon and notice of the warrant of attachment by publication as required by law. So that the justice of the peace got jurisdiction of the parties to the action, and there is no question that he had jurisdiction of the subject matter thereof.

The proceedings and judgment of the justice of the peace do not constitute a record, but for many purposes they have the qualities thereof. They are conclusive in their *effect.* They determine, between the parties to the action, their rights respectively in litigation, and in any subsequent proceeding to enforce the judgment, neither party can deny the facts settled by it. The judgment, apparently regular, cannot be collaterally impeached. It is a judicial proceeding and is conclusive, until it shall be set aside for irregularity, or modified, or reversed in the appellate court for error. The proceedings of justices of the peace are not generally formal, but the statute requires that they shall be regarded favorably and upheld when substantially sufficient without regard to form. *Haines* v. *Dalton,* 3 Dev., 91; *Jones* v. *Judkins,* 4 D. & B., 454; *Carroll* v. *McGee,* 3 Ired., 13; *McElrath* v *Butler,* 7 Ired., 398; *Ludwick* v. *Fair*

Id., 422; *Hooks* v. *Moses*, 8 Ired., 88; *Hiatt* v. *Simpson*, 13 Ired., 72; *Grier* v. *Rhyne*, 67 N. C., 338.

We are of opinion that the court below erred in holding that the judgment relied upon by the defendants was void, and because of such error they are entitled to a new trial, and so we adjudge.

Let this opinion be certified according to law.

Error.                                          *Venire de novo.*