CASE 67—ACTION TO SUBJECT REAL AND PERSONAL ESTATE OF A NON-
    RESIDENT DEFENDANT TO THE PAYMENT OF PLAINTIFF'S DEBT—
    APRIL 19.

# Price v. Taylor, &c.

110 589
s111 976

## APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT POSTPONING ATTACHMENT TO MORTGAGE LIEN AND PLAINTIFF
    APPEALS.   REVERSED.

ATTACHMENT—LEVY ON LAND INVOLVED IN PARTITION SUIT—SUFFI-
    CIENCY OF DESCRIPTION IN LEVY.

Held:    1. An attachment may be levied upon defendant's interest
    in land for the partition of which a suit is pending.

2. Defendant's interest in a trust estate created by deed, first to
    pay debts of the grantor, and then for partition, is subject to
    attachment.

3. An attachment levy describing the property levied on as the in-
    terest of defendant in the estate of T., deceased, conveyed in
    trust to L. by deed of certain date, naming the county and
    the deed book in which the deed is recorded, is sufficient to
    create a lien; less particularity of description being required
    in the levy of an attachment than in the levy of an execution.

L. J. CRAWFORD, R. P. ERNST AND W. S. PRYOR, ATTORNEYS FOR
    APPELLANT.

The attachment in this case was levied in the manner shown
by the return which is as follows, to-wit:

"Executed the within attachment this 27th day of April,
1894, on Wm. H. Harton, trustee of the estate of Col. James
Taylor, deceased, by delivering him a copy thereof; and at
the same time levied upon all the right, title and interest of
Maggie P. Taylor in and to the estate of Col. James Taylor, de-
ceased, conveyed in trust to Wm. H. Lape by said Col. Tay-
lor by deed of date July, 1882, and recorded in deed book No.
31, page 87, &c., Campbell County Records at Newport, Ky.,
excepting therefrom such estate as has since been conveyed by
such trustee or his successors. Levied upon as the property of
Maggie P. Taylor, subject to a mortgage dated December 22,
1894, in favor of Susan H. Price for $2,000, recorded in Mort-
gage Book No. 60, page 447, Campbell County Records, at New-
port, Ky."

At the time of the levy a partition suit between the beneficiaries of the deed of trust of Col. James Taylor was pending, and after the division an amended and supplemental petition was filed showing by metes and bounds the property set apart to appellee Maggie P. Taylor. All appellees are before the court upon actual service or entry of appearance. The court held the return insufficient and overruled the motion of appellant to sustain the attachment. Appellant offered in evidence upon the question of the validity of her attachment and especially upon the sufficiency of the return thereof, the affidavit of Wm. H. Harton, trustee of Col. James Taylor, and moved to set aside the court's order. The court then entered an order of distribution which gives all the proceeds of the sale of the land attached to the Nashville Trust Co. From that order this appeal is taken.

Appellee's contention is that the attachment is not good:

First, "Because the return does not show that notice was served upon the occupant."

They forget all about the presumption that the officer did his duty. The law is that if nothing inconsistent with his duty appears in the return, all omissions in the statements of the return are cured by the presumption that the officer did his duty.

Second, "That the property is not sufficiently described in the return."

The law is that the same particularity is not required in levying an attachment as is required in levying an execution, and if it can be ascertained what property was meant to be levied on the return is sufficient.

Third, "That the attachment is not good for the further reason that an equitable interest in real estate can not be attached."

This court has held in Bank of Louisville v. Barrick, 1 Duval page 53, that "all property," including all equitable interest in real estate, is subject to attachment.

Fourth, That an attachment lien acquired upon an undivided interest in real estate does not extend to the interest of defendant in the attachment suit after it has been made certain by partition."

Before partition nothing could be done except to levy upon the undivided interest, and after partition nothing has been done other than to render definite and certain just what that interest is.

Fifth, "That the attachment of Mrs. Price does not constitute a lien upon the Maggie Taylor property for the reason that it was levied upon her interest while partition was pend-

Price v. Taylor, &c.

ing, the idea being that it was then in *custodia legis* and the consent of the court to attach was not obtained."

It does not appear in this case that there was ever a receiver appointed or that the property was ever taken out of the hands of the trustee.

### AUTHORITIES CITED.

Presumption that officer did his duty. Lewis v. Quinker, 2 Met., 287; Anderson v. Sutton, 2 Duv., 485; Thomas v. Mahone, 9 Bush, 119; Mannix v. Lacey, 7 Ky. Law Rep., 440; Cosby v. Bustard, Litt. Sel. Cases, 137.

Sufficiency of description. White v. O'Brannon, 86 Ky., 93; Drake on Attachment (ed. 1854), 232; Humphreys v. Wade, 84 Ky., 391.

Equitable interest may be attached. 1 Duval, 53; Civil Code, 212. .

Attachment lien upon undivided interest attaches to defendant's share after partition. Humphreys' Exr. v. Wade, 84 Ky., 391; Drake on Attachments (ed. 1854), 234; Hawes v. Orr, 10 Bush, 437..

Property attached was not in *"custodia legis."* Newport & Cincinnati Bridge Co. v. Douglas, 12 Bush, 673; Hazelrigg v. Bronaugh, 78 Ky., 62; Hawes v. Orr, 10 Bush, 431.

Return can be explained by other evidence. Chamberlin & Trapp v. Brewer, &c., 3 Bush, 561; McBurnie v. Overstreet, 8 B. Mon., 300.

Objection to attachment came too late (upon final submission). Kentucky Jeans Clothing Co. v. Bohn, 20 Ky. Law Rep., 612.

SIMMONS & BAILEY, Attorneys for appellees.

1. The objection of the appellee to the attachment did not come too late. We insist that the question raised by the appellee as to the sufficiency of the return of the sheriff upon the attachment can be done at any time.
2. The return of the sheriff containing no description of any sort of property, the appellant acquired no lien.
3. The sheriff could, in any case, only amend the return by showing the facts that actually occurred at the time of the levy. He could not afterwards put into the return a description of property in such a way as to create a lien prior to such amendment as against third persons.
4. The affidavit of Harton offered in the lower court by appellant should not have been filed.

AUTHORITIES CITED.

First, Paducah Land Coal & Iron Co. v. Cochran's Assignee, &c., 18 Ky. Law Rep., 462; second, section 217 Civil Code; Pumphrey v. Rafferty, S. R., 765.

OPINION OF THE COURT BY JUDGE HOBSON.—REVERSING.

Appellant, Frances Price, filed her petition in equity against Maggie P. Taylor, Marcus A. Spurr, and W. H. Harton, as trustee of the estate of James Taylor deceased. She set up a note originally given for $3,000 by Maggie P. Taylor and Marcus A. Spurr, on which $2,000 had been paid, and alleged that both of them were non-residents of the State; that the defendant, W. H. Harton, as trustee of the estate of James Taylor, deceased, had certain personal and real estate of the defendant, Maggie P. Taylor. in his hands, sufficient to pay the claim. She prayed that he be required to answer and set out what property he had belonging to Maggie P. Taylor, and for an attachment and judgment for the debt. Maggie P. Taylor and Marcus A. Spurr were proceeded against as non-residents. An attachment was issued, which was returned as follows: "Executed the within attachment this 27th day of April, 1894, on William H. Harton, trustee of the estate of Col. James Taylor, deceased, by delivering him a copy thereof; and at the same time levied upon all the right, title, and interest of Maggie P. Taylor in and to the estate of Col. James Taylor, deceased, conveyed in trust to Wm. H. Lape by said Col. James Taylor by deed of date July 5, 1882, and recorded in Deed Book No. 31, page 87, etc., Campbell county records, at Newport, Kentucky, excepting therefrom such estate as has since been conveyed by such trustee or his successor." A summons was also issued on the petition and executed on Harton, as trustee, on the same day.

Price v. Taylor, &c.

After this, on September 27, 1894, Maggie P. Taylor mortgaged the property sought to be subjected to the Nashville Trust Company. On October 8th, Harton, as trustee, filed an answer in which he stated that the real estate formerly under his control as trustee was then under the control of the court below for the purpose, among other things, of a partition among the beneficiaries of the trust, including Maggie P. Taylor. Subsequently the plaintiff filed an amended petition, in which she set up the partition, and sought to subject to her debt that part of the property which had been allotted to Maggie P. Taylor. After this the Nashville Trust Company was made a party to the action, and set up its mortgage. executed *pendente lite.* It contended that the plaintiff's attachment was not valid, because: First, the property was by reason of the partition suit in the control of the court, and its consent had not first been obtained; second, the property attached was the interest of Maggie P. Taylor in a trust estate created first to pay debts, and then for partition; third, the sheriff's return on the attachment failed to show what was taken by him, and his action was therefore void for uncertainty. The court sustained the third objection and adjudged the mortgage priority, and from this judgment Frances Price prosecutes this appeal.

It is unnecessary to notice the first two objections in detail. We think it clear they are insufficient. The third objection presents a question of more difficulty. By section 217 of the Civil Code of Practice, it is provided: "And if real property be attached, the sheriff shall describe it with sufficient certainty to identify it, and if he can do so he shall refer to the deed or title under which the defendant holds it." The statute is only a brief statement of the rule usually followed by the courts. The levy must

be such that it may be known from it what property is lev-
ied on. But with what certainty must this be given? The
question is thus answered in Drake, Attachm., section
237: "In making such return, a distinction is taken be-
tween the levy of an attachment, which is a mere lien on
the property, and, the levy of an execution, by which,
when carried to a sale, the defendant's property is divest-
ed. In the latter case greater precision is required than in
the former. Hence it has been considered, in the case of
an attachment, that any words which clearly designate
and comprehend the property attached are sufficient. In
such case, too, the generality of the description makes
no difference, if it be sufficiently intelligible to fix the
lien of the process. 'Id certum est quod certum reddi potest,'
and therefore if the land be at all intelligibly indicated the
application of this principle will remove objections that
might exist on the score of imperfection in the descrip-
tion." Among the cases cited in support of the text is White
v. O'Bannon, 86 Ky., 93; 9 R., 334 (5 S. W., 346), where the
levy was in these words: "Levied this attachment on
about one hundred and forty acres of land near Eminence,
Henry county, the property of defendants." It was in-
sisted that the levy was insufficient against a subsequent
purchaser. The court held it good, and said: "Without
deciding whether the indorsement upon these orders of
attachment would be a sufficient indorsement upon an exe-
cution of its levy upon land, it is sufficient to say that in
making the indorsement of the levy, a distinction is taken
between the levy of an attachment and the levy of an exe-
cution. The levy of an attachment upon land is merely for
the purpose of creating a lien on it for the purpose of
giving the court issuing the order jurisdiction of the prop-
erty, that it may be thereafter by the court's order applied

to the payment of plaintiff's judgment, if he obtain one. And the court, thus having control of the property, may, in its order of sale, enlarge the description as given by the sheriff's return so as to accurately identify the land. In other words, after the sheriff has made his return of the levy, the property is then under judicial control; and the sale of it, by the order of the court, is a judicial sale. And the court, while it can not enlarge the quantity of property levied on, or substitute other property in its place, may disregard the descriptive language of the return, and engraft in its order of sale an accurate description of the property; so that all persons may understand what property is to be sold, and for what property they are bidding. The court's deed recites these steps as connecting links of the purchaser's title upon which he has the right to rely as furnishing him all the title that the defendant had to the property attached. For these reasons, any words which designate and comprehend the property levied on are sufficient. The generality of the description makes no difference, provided it is sufficiently intelligible to fix the lien of the attachment." In sustaining the levy of an attachment not so specific as that before us against a subsequent mortgage, in Roberts v. Bourne, 23 Me., 165, (39 Am. Dec.,614,) the court said: "It was decided in Crosby v. Allyn, 5 Greenl., 451, that an attachment of all the debtor's right, title, and interest to real estate in Belfast and Thorndike was valid. In Whitaker v. Sumner, 9 Pick., 310, the officer returned, 'I attach all the right, title, and interest in and to a certain piece or parcel of land, with the buildings thereon, situate in Columbia street, at the southerly part of Boston, and one piece of land, and the buildings thereon standing, being situate in Pleasant street, in said Boston, which the within-named

Benjamin Huntington has to the estate before mentioned.'
And the court say, 'The return of the attachment on the
plaintiff's writ against Huntington has as much certainty
as returns in general of attachments on *mesne* process,'
and it was decided to be good.   In Taylor v. Mixter, 11
Pick., 341, the return was, 'I have attached all right, ti-
tle, and interest which the within-named Ruggles has to
his homestead farm, on which he now dwells, together with
all the land thereto belonging, lying in Enfield, in said
county; also all the right and interest which said Ruggles
has to any lands lying in Enfield aforesaid.'   It was de-
cided to be a valid attachment of any other lands in En-
field which might not be a part of the farm.   These cases
sufficiently prove that an attachment is good, though
made in as general language as the officer used in this
case."   See, also, to same effect, 1 Shinn, Attachm., section
214; Veazie v. Parker, 23 Me., 170; Grier v. Rhyne, 67 N.
C.,338; Lisa v. Lindell, 21 Mo., 127, (64 Am. Dec., 122;) Webb
v. Bumpass (Ala.) 33 Am. Dec., 310; Inman v. Kutz, 10
Watts, 90.

Under these authorities, the levy in this case must be
sustained.   It conforms to the statute, and refers to the
deed or title under which the propery was held, and was
plainly a levy on all the right, title, and interest of Mag-
gie P. Taylor in the real estate in Campbell county held
under the deed.   The precise property that was held un-
der the deed might be shown by parol, and thus identified
with entire certainty.   When the return is read in connec-
tion with the pleadings in the case, there is no uncertainty
whatever as to what was levied on; and before judgment,
as was actually done in this case, the particular descrip-
tion of the property might be incorporated in the record,
so that the judgment and order of sale would describe it

by metes and bounds. The interest of Maggie P. Taylor
having been set apart in the partition suit, it may be sub-
jected to appellant's debt under the attachment. Judg-
ment reversed, and cause remanded for further proceed-
ings consistent with this opinion.