Edward Bryant BERTRAM, Bankrupt, Terry L. Hatchett, Trustee in Bankruptcy for Edward Bryant Bertram, Plaintiffs-Appellants,

v.

CITIZENS NATIONAL BANK, Glasgow, Kentucky, Defendant-Appellee.

No. 14129.

United States Court of Appeals Sixth Circuit.

Nov. 18, 1960.

784

Terry L. Hatchett, pro se.

Cecil C. Wilson (of Wilson & Nunn), Glasgow, Ky., for appellee.

Before SIMONS, Senior Judge, and MARTIN and O'SULLIVAN, Circuit Judges.

SIMONS, Senior Judge.

Upon an involuntary petition filed March 16, 1959, Edward Bryant Bertram was adjudicated a bankrupt and appellant, Hatchett, named by his creditors as Trustee of his estate. As Trustee, Hatchett sued the appellee Bank for an amount received by it in discharge of a debt owing to the Bank, on the ground that the payment constituted a voidable preference, within the meaning of Sec. 60, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. a. The referee directed the Bank to pay such sum to the Trustee. The District Court set aside the order and the Trustee appeals. The facts are stipulated.

On August 22, 1958, the Bank had brought suit against the bankrupt on two promissory notes, one for $2,700 and one for $900, in Barren County, Kentucky, and filed a general order of attachment with the County Clerk who delivered it to the sheriff for execution. The attachment was returned with an endorsement thereon that it was executed by levying on a house and lot in Seay Court, located on the South side of Seay Street, by leaving the writ in custody of Bertram, as his agent. A lis pendens was on file in the County Clerk's office reciting the amount involved in the notes sued upon; that a general order of attachment had been sought on the property and recorded in the deed book. On February 6, 1959, prior to his adjudication as a bankrupt, Bertram voluntarily sold the house and lot on Seay Street, for the sum of $16,000, the purchasers assuming a first mortgage on the property and paying the balance of $3,997.63 to Bertram in cash. With this money, Bertram paid off a second mortgage and paid the balance of $1,306.30 to the Bank. The Bank endorsed on the face of the attachment a release as of February 16, 1959.

The Bank applied Bertram's payment on two notes secured by chattel mortgages and distinct from the notes upon which the attachment suit was based. The property covered by the notes was no longer in possession of Bertram. It is stipulated that the money paid to the Bank was on account of an antecedent debt, while Bertram was insolvent and within four months before the filing of the petition in bankruptcy, and that at the time payment was made the Bank knew, or had reasonable cause to believe, that Bertram was insolvent.

Two issues are presented by the Trustee. One is based on the contention that the Bank did not acquire a valid attachment lien upon the property of the bankrupt and the other is that the

payment to the Bank and its application on notes unrelated to the attachment constitutes a voidable preference. The Trustee contends that no lien was completed by the attachment because the sheriff's return does not indicate that he complied with the Kentucky statutes, in that the return fails to indicate that the sheriff made any kind of a levy, or that he was anywhere near the property. There is no indication that if there is an occupant Bertram was such and if there was no occupant that the order was left in a conspicuous place. In support of his contentions, the Trustee cites a series of Kentucky cases which have no relevancy as to the sufficiency of the levy. Kentucky law recognizes a presumption that the officer made the levy in the manner prescribed by law unless there is some contradictory evidence. Here, there is no such evidence. Thomas v. Mahone, 72 Ky. 111; Anderson v. Sutton, 63 Ky. 480. The trustee further contends that the return did not describe the property with sufficient certainty to identify it but under Kentucky law a general description is sufficient if sufficiently intelligible to fix the lien. White v. O'Bannon, 86 Ky. 93, 5 S.W. 346; Price v. Taylor, 110 Ky. 589, 62 S.W. 270; Liberty National Bank v. Miles, Ky., 259 S.W.2d 474.

The argument that even if the attachment was valid a preference resulted from the application of the payment to notes not involved in the attachment proceedings is without merit. It is supported neither by cited cases nor persuasive reasoning. The payment was made to the Bank without direction by the debtor as to which debt it was to be applied. The Bank had a valid lien by reason of the attachment and had chattel mortgages on other property. But such property was no longer in the possession of the bankrupt and the record does not disclose what became of it. Even so, the release of the attachment extinguished the lien and, in respect to the notes therein involved, the Bank became a general creditor. By the release of the attachment, the application of the money to another debt failed to diminish the assets available to general creditors. That is the aim of the provisions of the Bankruptcy Act, dealing with voidable preferences. No such preference here resulted.

Judgment affirmed.