Ruffin, C. J.
 

 We regret that the case has not been argued for the appellees; since, as at present advised, our opinion is against them, and there may be reasons for the decision under review, which' are not set forth of perceived here, The counsel for the plaintiff indeed informed us that the ground on which it was made, was, that the ca. sa. was insufficient, because illegally returnable as tó time and place ; and lie attempted to support that process in those points. The Court, however, is not prepared to go with him iri the argument upon that part of the case. But it is not thought material to examine the point, because, admitting the insufficiency supposed, we should be' inclined to' the opinion, that the judgment on the bond was not erroneous ; and we hold that, at all events, it should not be set aside at a subsequent term, as was done in this case.
 

 The party might hate been relieved from arrest upon a
 
 holeas corpus /
 
 and we will not say, that he might not also have been relieved even after giving'bond, if he had appeared and placed himself again in actual custody, and then
 
 *73
 
 moved the Court to quash the proceedings, or discharge him. If the debtor had appeared, the court, as we suppose, would not have been obliged
 
 ex officio
 
 to look back to the
 
 ca. sa.
 
 and judgment, before admitting him to the benefit of the act, or subjecting him to its penalties. The creditor could not in such a case, take the objection to the debtor’s taking the oath and being discharged, that the
 
 ca. sa.,
 
 on which the arrest was made, was not valid. Much less could the objection prevail, if taken for the first time after the debt- or had taken the oath and been discharged, on a motion to set aside or vacate the judgment of discharge. There is, in all legal proceedings, a proper time to present evidence and urge objections arising on
 
 it;
 
 and if a party wilfully or negligently omits at that time to take the benefit of such matter as may be in his favour, he must be deemed to have waived it. So, on the other hand, if the debtor, upon appearing, raised no objection to the legality of the execution and arrest, but, upon refusing or being unable to take the oath of insolvency, was adjudged to be imprisoned, he ought not af-terwards to go back to pick holes in the process, on which he was brought before the Court. It is true that in these cases there are no pleadings, by which a party concludes himself. But, though the proceedings are summary, yet the party (if after giving the bond he can take the objection) ought, at the least, to present his case to the notice of the Court, by shewing that the facts are not as they are recited in his bond, and moving on that ground for his discharge. Wherefore should not the law be so
 
 'l
 
 If the debtor were discharged for such a cause, the debt is not thereby satisfied, but the creditor may immediately take another execution against the body. Then it must be supposed, that the debt- or, by not bringing forward the defect in the previous proceedings, waives the delay, and submits to be then imprisoned under the judgment which the Court is required to pass, namely, until he shall make a full and fair disclosure of his effects. It is true also, that this party did not appear; and, therefore he cannot be said to have waived any advan
 
 *74
 
 tage. But that, we think, makes no difference. For if he
 
 waived
 
 nothing, by the default, he
 
 admitted
 
 every fact, which a declaration in debt on the bond ought to allege. rp^g act gaySj that “in case of failure to appear” judgment shall be rendered instanter on the bond : which plaees it on the footing of a judgment by default in debt, which is final the first term. If, therefore, the allegation of a
 
 ca. sa.
 
 and an arrest would, notwithstanding the recital in the bond, be requisite in a declaration on this bond' — -a point we do not decide : still the default admits that allegation, as made, and, therefore, there is no necessity for other proof. Here, the bond is in due form, as prescribed in the statute, and stands in the place of the declaration ; and we see no reason, why the Court should go out of the bond and require the creditor to prove his case upon independent evidence, when the case is fully admitted under the hand and seal of the debtor and surety, and no objection raised by them.
 

 But if the judgment be erroneous, upon the ground, that the
 
 ca. sa.,
 
 on which the arrest was made is to-be returned, and so forms part of the record ; still it is a valid judgment until reversed ; and that can be done only in a Superior Court. It can be vacated by the Court which rendered it, only on one of two grounds : the one, that it is absolutely void, for the want of jurisdiction of the subject,
 
 Whitley v Mack, 2
 
 Hawks 179; the other, that
 
 it was
 
 not
 
 rendered by
 
 the Court, but was unduly taken by the party, contrary to the course of the Court, in other words, was irregular. There is-no question as to the jurisdiction. And there is nothing set forth which shews that this judgment was irregular, or that it was vacated on that ground. Apparently the judgment was that of the court, in fact, after proclamation • and, if so, it must be deemed regular, however erroneous it may be. But if signed in the office by default, it would still seem to be perfectly regular. It was taken in term time ; at the proper term, according to the bond; and at the proper period of the term, as far as appears ; and for those reasons the case differs from that of
 
 Winslow
 
 &
 
 Anderson
 
 v Duckworth, 3 Dev. & Bat. 11. From necessity every
 
 *75
 
 Court must have the power to set aside an irregular judgment ; that is to say, one, which the Court did not actually give, and which was entered by surprise on the opposite party and contrary to the . course of proceeding as established by law or the practice of the Court. But here was no surprise; for the judgment was taken upon the bond given by the parties, at the term it required the debtor to appear, and for his failure to appear; and, therefore, was taken in the regular course ot practice, and without having precluded the debtor or his surety from the opportunity of discharging themselves or making rightful defence at the proper time. It is obvious, therefore, that the objection, now urged by those parties, is not to the period or circumstances of taking the judgment, but it is to the substance of the case on which the judgment was rendered ; which, they say, did not entitle the creditor to judgment, and which, therefore, we think, might sustain a writ of error or appeal from the judgment, but, even if true, cannot authorise an order at a subsequent term to vacate the judgment.
 

 The opinion of the Court, therefore, is, that the orders of the Superior and County Courts, from which Dobbin appealed, are erroneous and must be reversed ; and the cause must be remanded to the Superior Court with directions there to reverse the said order of the County Court, with costs in the Superior Court, and to issue a writ of proceden-do, certifying the said reversal to the County Court, and requiring that Court to discharge the rule for vacating the judgment recovered by the plaintiff at April Term, 1843, of the County Court, and to grant the plaintiff execution of his said judgment.
 

 Per Curiam, Ordered accordingly,