W. C. MOORE, JR., ET AL. v. H. B. PACKER AND L. HARRISON.

(Filed 5 December, 1917.)

**Judgments—Injunctions—Bonds—Court's Jurisdiction—Parties—Estoppel.**

> Where a restraining order has been issued against W. C. M. from cutting timber on certain lands, and an order is entered entitled as against W. C. M., Jr., permitting him to continue cutting upon his giving a certain bond with surety, which is given by W. C. M., Jr., as principal and another as surety, who afterwards is permitted to withdraw his answer, and judgment for damages entered against W. C. M.: *Held*, W. C. M., Jr., by filing answer, entered a general appearance in the former action, and the court also having jurisdiction of the subject-matter, and thus acquiring jurisdiction of the parties, properly entered judgment against the principal, W. C. M., Jr., and the surety on the bond, and execution under the judgment may not be restrained by the obligors of the bond. Void and voidable judgments and proceedings to set them aside, etc., discussed by ALLEN, J., citing *Doyle v. Brown*, 72 N. C., 396; *Carter v. Rountree*, 109 N. C., 32, and other cases.

APPEAL by plaintiffs from order of *Carter, J.,* 21 March, 1917; from CALDWELL.

This is an action to restrain the collection of a judgment under execution.

On 12 March, 1913, Packer and Harrison, the defendants herein, instituted their civil action against W. C. Moore in the Superior Court of Burke County, and the sheriff made return upon the summons as follows: "Received 13 March, 1913. Served 13 March, 1913, by reading the within to W. C. Moore. J. P. Icard, Sheriff, Caldwell County."

A restraining order was issued in that action and it was returned as served on W. C. Moore. At the hearing on 26 March, 1913, before Judge Webb, an order was entered entitled as against W. C. Moore, Jr., as defendant, in which it was provided that "Upon the defendant filing bond in the sum of $200, to be approved by the Clerk of Burke Superior Court, the defendant is permitted to continue his timber-cutting operations until the further order of the court."

A bond was made entitled as of W. C. Moore, Jr., defendant, in which W. C. Moore, Jr., was the principal and V. W. Hoke the surety, the

condition of which is therein stated as follows: "The condition of the foregoing obligation is such that the above bounden W. C. Moore, Jr., has been permitted to continue his timber-cutting operations, as will appear by reference to the order of his Honor, James L. Webb, of this date. Now, if said defendant shall pay all such damages as shall be sustained by the plaintiffs by reason of the order as aforesaid, in event that the plaintiffs be declared the owners of the lands in controversy, then this obligation to be void; otherwise to be in full force and effect."

Plaintiff filed his complaint against W. C. Moore, and an answer was filed and verified by W. C. Moore, Jr. The case came on for trial at October Term, 1915, at Burke Superior Court, and at that time the plaintiff stated in open court that W. C. Moore, Sr., was the defendant they were suing, and not W. C. Moore, Jr., and defendant W. C. Moore, Jr., upon motion, was permitted to withdraw his answer. An issue of damages was submitted against W. C. Moore, Sr., and judgment was rendered setting forth that W. C. Moore had failed to make any defense and rendering judgment against the defendant and W. C. Moore, Jr., and V. W. Hoke, surety on the injunction bond, in the sum of $200. W. C. Moore, Jr., and V. W. Hoke excepted and gave notice of appeal, which was never prosecuted. Execution was issued upon the judgment rendered and attempted to be levied on the property of V. W. Hoke. Thereupon, plaintiffs obtained a restraining order against the enforcement of the judgment, which the court on the hearing dissolved, and plaintiffs appealed.

*Squires & Whisnant for plaintiff.*
*Avery & Ervin for defendants.*

ALLEN, J. The plaintiff W. C. Moore, Jr., filed an answer and entered a general appearance in the former action, and he and his co-plaintiff filed the bond conditioned to pay the damages recovered, and both of them excepted to and gave notice of appeal from the judgment rendered.

This conduct on the part of the plaintiffs amounted to a general appearance and gave the court jurisdiction of the parties (*Chadbourn v. Johnson,* 119 N. C., 282), and as it also had jurisdiction of the subject-matter, the judgment rendered is not void.

"Where a defendant has never been served with process, nor appeared in person or by attorney, a judgment against him is not simply voidable, but void; and it may be so treated whenever and wherever offered without any direct proceedings to vacate it. And the reason is, that the want of service of process and the want of appearance is shown by the record itself whenever it is offered. It would be otherwise if the record

showed service of process or appearance when in fact there had been none. In such case the judgment would be apparently regular and would be conclusive until, by a direct proceeding for the purpose, it would be vacated." *Doyle v. Brown,* 72 N. C., 396.

If an erroneous judgment, it is an estoppel between the parties until corrected by appeal (*Weeks v. McPhail,* 128 N. C., 131), and if "they (the plaintiffs) wish to attack it for irregularity, it must be done by motion in the original cause" (*Harris v. Bennett,* 160 N. C., 344), and not by a new action.

The distinctions between the different kinds of judgments and the remedies afforded for correcting errors in them are accurately and clearly stated in *Carter v. Rountree,* 109 N. C., 32, as follows:

"Judgments may be void, irregular or erroneous. A void judgment is one that has merely semblance, without some essential element or elements, as where the court purporting to render it has not jurisdiction. An irregular judgment is one entered contrary to the course of the court, contrary to the method of procedure and practice under it allowed by law in some material respect, as if the court gave judgment without the intervention of a jury in a case where the party complaining was entitled to a jury and did not waive his right to the same. *Vass v. Building Assn.,* 91 N. C., 55; *McKee v. Angel,* 90 N. C., 60. An erroneous judgment is one rendered contrary to law. The latter cannot be attacked collaterally at all, but it must remain and have effect until by appeal to a court of errors it shall be reversed or modified. An irregular judgment may ordinarily and generally be set aside by a motion for the purpose in the action. This is so because in such case a judgment was entered contrary to the course of the court by inadvertence, mistake, or the like. A void judgment is without life or force, and the Court will quash it on motion, or *ex mero motu.* Indeed, when it appears to be void, it may and will be ignored everywhere and treated as a mere nullity."

As, therefore, the judgment is not void, the court having jurisdiction, the plaintiffs are not entitled to the relief prayed for, and there was no error in dissolving the restraining order.

Affirmed.

HOKE, J., not sitting.