MRS. C. R. DUFFER ET AL. v. A. J. BRUNSON.

(Filed 19 December, 1924.)

**1. Judgments—Motions to Set Aside—Irregular Judgments—Pleadings.**

A judgment by default and inquiry entered in plaintiff's favor for the want of an answer after the return day of the summons, without more, is an irregular judgment, not rendered in the due course and practice of the courts, and the remedy of defendant is by motion to set it aside made in the original action.

**2. Same—Meritorious Defense.**

The movant, to set aside an irregular judgment, must show he has a meritorious defense as well as that he has acted with reasonable promptness.

**3. Same—Orders—Appeal and Error.**

The finding by the trial court, on defendant's motion to set aside an irregular judgment, that he had shown a meritorious defense in one involving a question of mixed law and fact, will be overruled on appeal when there is no evidence to support the finding, it being required that the defendant set forth facts showing prima facie a valid defense, to be passed upon by the court.

APPEAL by plaintiffs from *Cranmer, J.,* at March Term, 1924, of CUMBERLAND. Action to recover land and damages.

The summons, issued 21 April, 1923, was returnable 10 May, 1923. It was served on the defendant 27 April, 1923. The complaint was filed 30 May, 1923. The defendant filed no answer and made no motion to dismiss. On 9 July, 1923, on motion of the plaintiffs, the clerk rendered judgment by default and inquiry in which he recited the service of summons, the filing of the complaint and the want of an answer, and adjudged that the plaintiffs are the owners of and entitled to the possession of the land described in the complaint and to the recovery of rents and profits, and in order that a jury might determine the amount of such recovery, the case was transferred to the civil docket.

On 18 December, 1923, the defendant made a motion before the clerk to set aside the judgment. The defendant and his attorney filed affidavits stating that on the return day of the summons they went to the clerk's office to file an answer and found that the complaint had not been filed; that as late as 7 p. m. they could not find any order extending the time for filing the complaint; and that the defendant knew nothing more about the case until 18 December, 1923, when he discovered the judgment while he and his attorney were examining the records in reference to another matter. The plaintiff's counsel filed a counter-affidavit.

The clerk set aside the judgment on the ground that it had been erroneously and irregularly entered and held that it was null and void, and granted the defendant 20 days in which to file an answer.

The plaintiffs then appealed to the Superior Court in term, and the defendant's counsel filed an additional affidavit to the effect that he had investigated the defense and had found the defendant "has a good and sufficient deed covering the lands described in the complaint and has been in possession of said lands under said deed for quite a while and is still in possession." He expressed the opinion that the defense was bona fide and good in law, and that if an answer were filed, it would raise matters that should be submitted to a jury.

The trial judge recited the substance of the affidavits, found as a fact that the clerk had not extended the time for filing the complaint, held that the defendant has a bona fide defense, and affirmed the clerk's judgment. The plaintiffs excepted and appealed.

---

*A. M. Moore for plaintiffs.*
*Cook & Cook for defendant.*

ADAMS, J. Under the amended statutes relating to process and pleadings the complaint should be filed on or before the return day of the summons, but the clerk for good cause may extend the time to a day certain. In the present case, the clerk did not grant an extension of time and the complaint was filed 20 days after the return day. The defendant neither answered nor moved to dismiss; and after the lapse of several weeks the clerk rendered a judgment by default and inquiry. The lower court held that the clerk's judgment was null and void and set aside the judgment.

A void judgment is one that has merely semblance without some essential element or elements, as a want of jurisdiction or a failure to serve process or otherwise to have the party in court. An irregular judgment is one entered contrary to the course and practice of the court; and an erroneous judgment is one rendered contrary to law. A void judgment may be collaterally impeached, but an irregular judgment should be attacked by motion in the cause, and an erroneous judgment should be corrected by appeal or *certiorari. Moore v. Packer,* 174 N. C., 665. The clerk's judgment was not void, but irregular; it was entered contrary to the statute and in disregard of the usual practice. Indeed, in his brief the defendant admits the judgment was merely irregular.

But mere irregularity is not sufficient to warrant an order setting aside the judgment. It is essential for the moving party to show not only that he has acted with reasonable promptness, but that he has a meritorious defense against the judgment. As suggested in *Harris v. Bennett,* 160 N. C., 339, 347, "Unless the Court can now see reasonably that defendants had a good defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside?" *Hill v. Hotel Co., ante,* 586; *Gough v. Bell,* 180 N. C., 268; *Rawls v. Henries,* 172 N. C., 216; *Glisson v. Glisson,* 153 N. C., 185.

The defendant has not shown a meritorious defense. His first two affidavits relate only to an inquiry or search in the clerk's office for the plaintiff's complaint. The third, which was offered on the hearing before the judge, was made by the defendant's attorney, who stated that he had investigated the proposed defense and had found that the defendant had a good and sufficient deed for the land in controversy and had been in possession "for quite a while" and was still in possession. The trial judge found that the defense is bona fide, but this is a mixed question of law and fact, and there is no sufficient evidence to support

the finding. "Quite a while" is indefinite. It is not alleged that the defendant's possession is or has been adverse, or that it has covered the statutory period. Nor is the title of the plaintiffs denied. It has been held many times that the defendant must set forth facts showing prima facie a valid defense and that the validity of the defense is for the court and not with the party. *Jeffries v. Aaron,* 120 N. C., 167.

Section 600 of the Consolidated Statutes, relating to mistake, surprise, and excusable neglect, has no application to an irregular judgment. *Becton v. Dunn,* 137 N. C., 559. There is no finding that the defendant's failure to look after his case from May 10th to December 18th was excusable. In fact, the judgment was set aside, not for excusable neglect, but on the ground of irregularity. There was error, for which the judgment is

Reversed.