DeETTA FINGER v. ISABEL C. SMITH.

(Filed 27 May, 1926.)

**1. Judgments—Clerks of Court—Pleadings—Default — Irregular Judgments—Questions of Law.**

Where the parties are properly before the court, and the subject-matter of the action is also jurisdictional in the Superior Court, the clerk having authority under the provisions of our statute may render a judgment against the plaintiff by default for want of a reply to an answer setting up affirmative relief.

**2. Same—Motions.**

Where a judgment has been entered contrary to the course and practice of the court, and is resisted by a party to the action, the remedy is by motion in the cause made within a reasonable time after its rendition, and upon denial thereof in the Superior Court, by appeal to the Supreme Court.

**3. Appeal and Error—Judgments—Clerks of Court—Pleadings—Statutes.**

Where the Superior Court has jurisdiction of the parties, properly before it, and the subject-matter of the action, the clerk, under the provisions of C. S., 593, may render a judgment by default upon the pleadings.

**4. Judgments—Courts—Jurisdiction—Void Judgments.**

A judgment is not void when rendered in the due course and practice of the courts, in the absence of some essential element of jurisdiction of the parties and the subject-matter of the action.

APPEAL by plaintiff from *Snow, Emergency Judge,* at March Special Term, 1926, of BUNCOMBE.

On 3 November, 1925, the defendant executed and delivered to the plaintiff an option, agreeing to convey the land therein described, at any time within thirty days, upon specified terms; but she afterwards refused for certain reasons to make the conveyance. The plaintiff brought suit for specific performance and filed her complaint alleging her compliance with the terms of the option. The defendant answered, denying the material allegations in the complaint and setting up the plaintiff's alleged fraud in procuring the execution of the agreement. The defendant prayed judgment for the cancellation of the option.

. The summons, issued 4 December, 1925, was returnable 19 December; on the return day an alias was issued returnable 29 December. The complaint, verified, was filed 4 December, 1925, and a verified answer 6 January, 1926. No reply was filed. The clerk rendered judgment by default final against the plaintiff 1 February, 1926, containing this recital: "The complaint alleges that the defendant executed an agreement giving the plaintiff the option to purchase from the defendant

certain real estate. The answer, "as a further defense and by way of counterclaim and as grounds for affirmative relief," alleges that the agreement was procured by a false and fraudulent representation made by the plaintiff to the defendant and prays for the cancellation of the said agreement, on the ground that it constitutes a cloud upon the defendant's title; it is now ordered and adjudged, on this 1 February, 1926, being the first Monday of the month, that the contract aforesaid, dated 3 November, 1925, be, and it is hereby canceled, and the plaintiff is hereby ordered to deliver same to the clerk of this court to be delivered by said clerk to the defendant herein. It is further adjudged that this action be, and it is hereby dismissed, and that the plaintiff pay the costs thereof." On 4 February, 1926, the plaintiff served notice of her motion to vacate the judgment on the ground that it was entered without warrant of authority of law and that no counterclaim had been pleaded in the answer. On 15 February the clerk set aside the judgment and the defendant appealed, and on 9 March, 1926, the judge reversed the ruling of the clerk. The plaintiff excepted and appealed.

*Kitchin & Kitchin for plaintiff.*
*J. E. Baumberger, M. W. Brown and F. W. Thomas for defendant.*

ADAMS, J. The defendant's answer was served on the plaintiff's counsel and duly filed on 6 January, 1926, and the plaintiff was entitled to ten days thereafter in which to demur or reply, or to twenty days if the answer set up a counterclaim. 3 C. S., 524; Laws 1924, Ex. Ses., ch. 18. A reply was not filed within twenty days and on 1 February the clerk entered judgment by default final against the plaintiff and dismissed her action. On motion of the plaintiff he afterwards set this judgment aside; but on the defendant's appeal the judge vacated the latter judgment and held that as to the first judgment the plaintiff's remedy then applicable was by exception and appeal. It therefore becomes necessary to inquire into the nature of this judgment.

A judgment may be valid and unassailable, or it may be irregular, erroneous, or void. An irregular judgment is one rendered contrary to the course and practice of the court, as for example, at an improper time; or against an infant without a guardian; or by the court on an issue determinable by the jury; or where a plea in bar is undisposed of; or where the debt sued on has not matured; and in other similar cases. *Skinner v. Moore,* 19 N. C., 138, 156; *Winslow v. Anderson,* 20 N. C., 1; *Keaton v. Banks,* 32 N. C., 381; *Cowles v. Hayes,* 69 N. C., 406; *Wolfe v. Davis,* 74 N. C., 597; *Larkins v. Bullard,* 88 N. C., 35; *Williamson v. Hartman,* 92 N. C., 236; *Stafford v. Gallops,* 123 N. C., 19; *Duffer v. Brunson,* 188 N. C., 789.

An erroneous judgment is one rendered according to the course and practice of the court, but contrary to law, or upon a mistaken view of the law, or upon an erroneous application of legal principles, as where judgment is given for one party when it should have been given for another; or where the pleadings require several issues and only one. is submitted; or where the undenied allegations of the complaint are not sufficient to warrant a recovery; and in other cases involving a mistake of law. *White v. Albertson,* 14 N. C., 241, 244; *Wolfe v. Davis, supra; Koonce v. Butler,* 84 N. C., 222; *Spillman v. Williams,* 91 N. C., 483; *May v. Lumber Co.,* 119 N. C., 96; *Cowles v. Cowles,* 121 N. C., 272; *Stafford v. Gallops, supra; Becton v. Dunn,* 142 N. C., 172; *Rawles v. Mayo,* 163 N. C., 177. A judgment may be regular and at the same time erroneous; that is, it is not irregular because it may happen to be erroneous. Error does not necessarily constitute irregularity or necessarily enter into it. *Skinner v. Moore, supra; Dobbin v. Gaster,* 26 N. C., 71.

A void judgment is one that has semblance but lacks some essential element, as jurisdiction or service of process. *McKee v. Angel,* 90 N. C., 60; *Duffer v. Brunson, supra.*

If a judgment is irregular the remedy is by a motion in the cause made within a reasonable time; if erroneous, the remedy is by appeal. *Spillman v. Williams, supra; May v. Lumber Co., supra; Henderson v. Moore,* 125 N. C., 383.

It is important to remember that the plaintiff's object was to enforce the specific performance of the option and that by way of avoidance the defendant pleaded, not only the plaintiff's failure to execute a proper deed of trust, but her fraudulent representation, as an inducement to the contract, that she was not a married woman. The ground upon which the defendant moved for judgment against the plaintiff was the absence of a reply to the alleged counterclaim. It is apparent, then, that the judgment dismissing the action was not void; the defendant's motion presented a question which it was the duty of the clerk to decide. The authorities hold that the mere fact that a pleading does not state a cause of action does not make a default judgment void if the allegations are sufficient to challenge the attention of the court and invoke its judicial action to determine the sufficiency thereof, because a court having jurisdiction of the parties and the subject-matter may determine for itself the sufficiency of the pleading. 3 Freeman on Judgments (5 ed.), sec. 1297; 33 C. J., 1133, sec. 81.

It is equally conclusive, we think, that the judgment was not irregular. The clerk had express statutory authority to render a judgment by default; his judgment was not given contrary to the course and practice of the court. 3 C. S., 593. His error, if he committed error, arose from

the inadvertent misapplication of legal principles; and under all the authorities his mistaken view of the law, if he was mistaken, resulted in an erroneous judgment, as to which the plaintiff's remedy was by appeal and not by motion in the cause.

This view of the case relieves us of the necessity of deciding whether the answer sets up a counterclaim in the nature of a cross-action to remove a cloud from the defendant's title and whether the clerk's first judgment was free from error. *McLamb v. McPhail,* 126 N. C., 218, 221; *Turner v. Livestock Co.,* 179 N. C., 457; C. S., 1743. The judgment is

Affirmed.