ICELEAN PAILIN, ADMINISTRATRIX, v. RICHMOND CEDAR WORKS.

(Filed 23 February, 1927.)

**Judgments—Default—Motions to Set Aside — Excusable Neglect — Attorney and Client—Principal and Agent—Statutes.**

> Where a nonresident defendant has been properly served with summons under the provisions of C. S., 600, and refers the defense of the action to its nonresident attorneys, and a judgment by default is rendered for the failure of the nonresident attorneys to employ attorneys practicing law in this State, the nonresident attorneys are to be considered *pro hac vice* as agents for the defendant, and their laches are attributable to it upon defendant's motion to set the judgment aside for surprise, mistake or excusable neglect.

APPEAL by defendant from *Nunn, J.,* at November Term, 1926, of TYRRELL.

Motion to set aside judgment by default and inquiry, rendered in this case by the clerk of the Superior Court of Tyrrell County.

By consent, the motion was heard, in the first instance, by the judge of the Superior Court, who found from the evidence offered the following facts:

"1. That the plaintiff is a resident and citizen of Tyrrell County, N. C., and that the defendant is a corporation, duly organized under the laws of the State of Virginia.

"2. That on 2 June, 1926, a summons in due form, duly issued in said cause from the Superior Court of Tyrrell County, and that, at said time and place, a duly verified complaint was duly filed in said cause.

"3. That on 7 June, 1926, said summons and said verified complaint were duly served on the defendant, by reading same to and leaving copies of same with R. W. Winston, defendant's duly appointed process agent in said State.

"4. That said R. W. Winston immediately forwarded said copies of said summons and complaint to the defendant, which received the same, at its Richmond office, on 9 June, 1926.

"5. That on said 9 June, 1926, or shortly thereafter, H. R. Parrish, vice-president of the defendant, delivered or transmitted said copies to R. R. Parrish, general counsel of the defendant, with the request that he give the matter attention.

"6. That said R. R. Parrish is, and was at all said times herein referred to, a resident of the city of Richmond, in the State of Virginia, and an attorney at law, duly licensed to practice and regularly practicing in said State of Virginia; but that said R. R. Parrish was not at said times licensed to practice in the State of North Carolina, and had not theretofore, and was not at said times practicing regularly or specially in the courts of Tyrrell County.

"'7. That at and prior to said times, the firm of Thompson & Wilson, attorneys, resident at Elizabeth City, N. C., and licensed to practice in said State, generally represented the defendant in all litigated matters in the First Judicial District, and in the Federal Court, holding at Elizabeth City; but that said firm held no retainer from said company, and represented said company only in those cases instituted in said district, or in said Federal Court, which were specifically referred to said firm for attention, which said cases included the greater part, but not all, of the litigation in said territory, in which the defendant was interested as a party.

"8. That the above-entitled cause was not referred to said firm of Thompson & Wilson for attention, nor was said firm advised by the defendant of the existence or the pendency of same, nor did said firm know of the existence or pendency of same, until 8 October, 1926.

"9. That the defendant has a meritorious defense to said action."

Upon the foregoing facts, the court, being of opinion that the defendant had shown no mistake, inadvertence, surprise, or excusable neglect, such as would entitle it to the relief sought, denied the motion, and from this ruling the defendant appeals.

*Sam S. Woodley and McMullan & LeRoy for plaintiff.*
*Thompson & Wilson and Manning & Manning for defendant.*

STACY, C. J. Upon the facts found by the judge, supported as they are by competent evidence, it must be conceded, we think, that the defendant is not entitled to have the judgment set aside on the ground of "mistake, inadvertence, surprise, or excusable neglect." *Seawell v. Lumber Co.,* 172 N. C., 320. Under the decisions construing the statute applicable, C. S., 600, if a party who is sued employ nonresident counsel, not to appear in the case himself, but whose duty is merely to select other counsel to attend to the matter, and he fail to make such selection, the first-named counsel is to be considered as an agent *pro hac vice* of the defendant, whose negligence will be imputed to the party himself, and hence not excusable. *Manning v. R. R.,* 122 N. C., 824; *Bank v. Palmer,* 153 N. C., 503; *Edwards v. Butler,* 186 N. C., 201; *Schiele v. Ins. Co.,* 171 N. C., 426.

This position is not seriously combatted by the defendant, but it was argued on the hearing that the judgment should be set aside for irregularity and for want of sufficient allegation of negligence. These contentions, it would seem, are not presented on the present record, but it may be doubted as to whether they could avail the defendant, even if properly before us. *Finger v. Smith,* 191 N. C., 818; *Livestock Co. v. Atkinson,* 189 N. C., 250; *Ellis v. Ellis,* 190 N. C., 418.

The motion was correctly denied.

Affirmed.