E. J. WELLONS v. W. C. LASSITER AND WIFE, ROSELLA LASSITER.

(Filed 18 March, 1931.)

1. **Courts A c—Superior Court has authority to hear appeal from order of clerk striking out defendant's answer as sham and frivolous.**

   The Superior Court has the power and authority to determine on appeal the order of the clerk of the court in refusing a motion under C. S., 510 to strike out the defendant's answer on the ground that it was sham and frivolous. C. S., 536.

2. **Judgments K d—Where judgment is irregular the remedy is by motion in original cause, where erroneous the remedy is by appeal.**

   The action of the judge of the Superior Court in passing upon the judgment of the clerk of the court in refusing to strike out the defendant's answer as sham and frivolous, C. S., 510, is upon a matter of law requiring exception thereto and an appeal to the Supreme Court, and does not come within the rules of practice and procedure regulating the remedy from irregular judgments or those contrary to the course and practice of the courts, and C. S., 600, relating to mistake, surprise, or excusable neglect does not apply.

3. **Judges A a—Superior Court judge may not review judgment of another Superior Court judge on matter of law.**

   A judge of the Superior Court has no authority to review upon matters of law a judgment rendered by another Superior Court judge, the procedure being by exception and appeal to the Supreme Court, and a judgment by one judge of the Superior Court in attempting to review the judgment of another judge will be treated as a nullity, and the former judgment from which no appeal is taken will remain effective.

APPEAL by plaintiff from *Lyon, Emergency Judge,* at November Special Term, 1930, of JOHNSTON. Reversed.

This is an action brought by plaintiff against the defendants to recover on certain bonds executed by defendants to plaintiff secured by mortgage to plaintiff on certain lands.

The complaint alleges, in part: "That there is now justly owing to the plaintiff by the defendants the sum of $89.92 with interest from 2 February, 1929, and the further sum of $4,052.00, with interest from 1 November, 1927, until paid. Wherefore, plaintiff prays he recover judgment for the sum of $89.92, with interest from 2 February, 1929, and for the further sum of $4,052.21, with interest from 1 November, 1927, and that said sum be adjudged and declared to be a specific lien upon the lands described herein and that a commissioner of the court be appointed and directed to advertise and sell said lands in accordance with law and to apply the proceeds therefrom to the satisfaction of this judgment and for such other and further relief as to the court may appear just and proper, and for the costs of this action to be taxed by the clerk."

The defendants admitted the execution of the note and mortgage, pleaded payment, etc. Summons was duly issued and served on defendants on 13 February, 1930. The complaint was filed the same day, and within the time allowed by an order extending time to file answer; defendants filed an answer on 24 March, 1930. Thereafter, on 7 March, 1930, the plaintiff filed a motion in the cause before the clerk of the Superior Court praying the court to strike out the answer for the reason it was a sham and frivolous answer. Upon the cause coming on to be heard before the clerk the motion of the plaintiff was denied and he gave notice of appeal and appealed to the judge of the Superior Court, holding courts of the Fourth Judicial District at Smithfield, at term time. At the April Term of Johnston Superior Court said cause came on for hearing before his Honor, W. L. Small, judge presiding, and was heard and the motion of the plaintiff was allowed and judgment entered upon the pleadings as appear in the record.

The judgment is as follows: "This cause coming on to be heard and being heard before the undersigned judge upon motion of the plaintiff to strike out the answer of the defendants as being frivolous, and said motion being allowed, and it appearing that the defendants are jointly and severally indebted to the plaintiff in the sum of $4,152.13 upon the notes and mortgage set out and described in the complaint filed herein over and above all offset and credits thereon, it is therefore considered, ordered and adjudged that the plaintiff be and he is hereby given judgment against the defendants jointly and severally in the sum of $4,152.13, with interest on $4,052.21 from 1 November, 1927, and

interest on $89.92 from 2 February, 1929, together with the costs of this action to be taxed by the clerk. It is further considered, ordered and adjudged that said sum be and the same is hereby declared to be a specific lien upon the lands described in the complaint and recorded in the registry of Johnston County, in Book 208, page 83, and the plaintiff is authorized and empowered to advertise and sell said lands under the powers contained in said mortgage at any time he may desire to do so and apply the proceeds derived from such sale to the payment of the costs of this action and the balance, if any, to the satisfaction of this judgment in so far as said funds may extend, and any balance after the satisfaction of the judgment to the defendants as their interest may appear."

The judgment was rendered at April Term, 1930. On 16 June, 1930, defendant, W. C. Lassiter, filed affidavit and among other things stated: "That the plaintiff made motion on 19 April, 1930, before the clerk of the Superior Court to set aside the answer and for judgment, which was heard before said clerk and the motion denied by an order of said date, which order is duly recorded in the Book of Orders and Decrees No. 5, at page 221, a copy of which order is attached and made a part of this affidavit, and that by said order it was adjudged that the defendants were entitled to a trial by jury on the issues raised in the pleading and the cause was retained on the civil docket for trial in term time. . . . That notwithstanding, the plaintiff commenced said action in the Superior Court as above set out to foreclose said mortgage and that the same is now pending in the Superior Court, the plaintiff, on 14 May, 1930, advertised the lands described in said mortgage to be sold at the courthouse door in Smithfield on Monday, 16 June, 1930, and is threatening to sell said lands. Wherefore, the affiant prays that an order to show cause issue to the said E. J. Wellons, and that pending the hearing of said order that he be enjoined from selling the lands as advertised in said notice of sale."

The cause was continued from time to time by consent, and at November Special Term, 1930, the following order vacating the judgment was rendered by Judge Lyon: "The above-entitled cause coming on to be heard, and being heard upon motion of the defendants to vacate and set aside the judgment heretofore entered in the above-entitled cause by Honorable Walter L. Small, judge presiding, at the June, 1930, Special Term of this court, and it being found from inspection of the pleadings that the answer raises issues of fact which should have been submitted to the jury, and it further appearing that said judgment was entered without the intervention and verdict of a jury: It is therefore adjudged that said judgment was irregular and the same is hereby ordered vacated and set aside, and the case is ordered placed upon the civil issue docket for trial."

The plaintiff excepted to the judgment, assigned error and appealed to the Supreme Court.

*E. J. Wellons in propria persona.*
*Parker & Lee and Ed. F. Ward for defendants.*

CLARKSON, J.   The plaintiff in apt time before the clerk made a motion to strike out defendants' answer for the reason that it was sham and frivolous under C. S., 510, which is as follows: "Sham and irrelevant answers and defenses may be stricken out on motion, upon such terms as the court may in its discretion impose."   This motion was denied by the clerk and the plaintiff excepted and appealed to the Superior Court.   The cause being on appeal in the Superior Court, the court below had the power and authority to hear the matter.   C. S., 536.   *Washington v. Hodges, ante,* at p. 370.

The court below struck out the answer of defendants as being frivolous and gave judgment for plaintiff that the sum be a specific lien on the land, and authorized the same to be sold.   This judgment was rendered at April Term, 1930.   The record discloses that no exception or appeal was taken to this judgment.

On 16 June, 1930, defendant, W. C. Lassiter, filed an affidavit and made motion and prayed that the sale of the land be enjoined.   At November Special Term, 1930, the court below made an order and adjudged that the judgment rendered by Judge Small was irregular and set same aside.   From this order vacating the judgment the plaintiff appeals to this Court.   We think the judgment of Judge Small, if erroneous, the defendants should have appealed from same.   This they did not do, and the judgment of Judge Lyon should be reversed.

A "void judgment" is one that has merely a semblance without some essential elements, as want of jurisdiction or failure to serve process or to have party in court, while an "irregular judgment" is one entered contrary to course and practice of court, and an "erroneous judgment" is one rendered contrary to law.   *Duffer v. Brunson,* 188 N. C., 789.

"Erroneous judgment" is one rendered according to course and practice of court, but contrary to law, upon mistaken view of law, or upon erroneous application of legal principles.   *Finger v. Smith,* 191 N. C., 818.

"If a judgment is irregular the remedy is by motion in the cause made within a reasonable time; if erroneous, the remedy is by appeal."   *Finger v. Smith, supra,* at p. 820, or *certiorari.*

C. S., 600, relating to mistake, surprise and excusable neglect, has no application.   *Foster v. Allison Corp.,* 191 N. C., 166.

In *Caldwell v. Caldwell,* 189 N. C., at p. 809, we find: "A decision of one judge of the Superior Court is not reviewable by another judge.

*Dockery v. Fairbanks,* 172 N. C., 529. The power of one judge of the Superior Court is equal to and coördinate with that of another. A judge holding succeeding terms of a Superior Court has no power to review a judgment rendered at a former term upon the ground that such judgment is erroneous." *Phillips v. Ray,* 190 N. C., 152.

In *Baker v. Corey,* 195 N. C., at p. 302, is the following: "But irregularity alone is not sufficient. In *Duffer v. Brunson,* 188 N. C., 789, it is said: 'It is essential for the moving party to show not only that he has acted with reasonable promptness, but that he has a meritorious defense against the judgment. As suggested in *Harris v. Bennett,* 160 N. C., 339, 347, "Unless the Court can now see reasonably that defendants had a good defense that would affect the judgment, why should it engage in the vain work of setting the judgment aside?" *Hill v. Hotel Co., ante,* 586; *Gough v. Bell,* 180 N. C., 268; *Rawls v. Henries,* 172 N. C., 216; *Glisson v. Glisson,* 153 N. C., 185.'" *Sutherland v. McLean,* 199 N. C., 351.

For the reasons given, the judgment of the court below is

Reversed.