This is an action brought by plaintiff against the defendants to recover $1,098.70 and interest from 15 August, 1932. At the regular term of the Superior Court of Moore County, North Carolina, held 29 September, 1933, after notice to the attorney of the defendant, Carolina Discount Corporation, the cause came on for hearing upon the motion of the plaintiff for judgment upon the pleadings before Judge Thomas J. Shaw.
The judgment of Judge Shaw is as follows: "And it appearing, upon motion of counsel for plaintiff for judgment on the pleadings in favor of the plaintiff that the defendants and each of them are liable to the plaintiff in the sum of $1,098.70 with interest at the rate of 6 per cent per annum from 15 August, 1932; It is therefore ordered, considered and adjudged that plaintiff recover of the defendants and each of them the sum of $1,098.70, with interest thereon from 15 August, 1932, until *Page 534 
paid, together with the costs of this action." That thereafter, and on 12 December, 1933, the defendant Carolina Discount Corporation filed its motion to vacate the judgment heretofore rendered against it by his Honor, Judge Shaw, and said motion is in words and figures as follows: . . . "Upon motion of Murdoch M. Johnson, Esq., and after reading the affidavits the exhibits herein, it is ordered that the plaintiff Herbert B. Newton and Company through its attorneys, Johnson Johnson, do show cause, if any it has, before his Honor, A. M. Stack, judge, at his Chambers in Union County courthouse at Monroe, North Carolina, at 2:00 o'clock p.m. on 29 December, 1933, why the judgment heretofore made, entered and had in this cause be not canceled and stricken out; and plaintiff's attorneys are hereby required to have with them and present to the court at said hearing the original summons and complaint and answered herein.
"It is further ordered that, pending the hearing above set forth, the plaintiff, its attorneys, the sheriff of Moore County and all other officers and persons be and they are hereby restrained from proceeding in any manner against the property of the defendant Carolina Discount Corporation toward the collection of said judgment out of any of the assets of the said Carolina Discount Corporation. Let a copy of this order, the affidavits and exhibit be forthwith served on the plaintiff's attorneys, and plaintiff's attorneys are hereby required to serve on the attorney for the Carolina Discount Corporation, at least 4 days before the hearing, a copy of their return and any affidavits or other documents or evidence to be used by them at the hearing and he shall have the right to reply thereto at the hearing. The defendant will give injunction bond in the sum of $200.00 within 5 days from this 15 December, 1933. A. M. Stack, judge presiding, Carthage, N.C. December Term, 1933.
"And on 29 December, 1933, at Chambers in Monroe, N.C. before his Honor, A. M. Stack, judge, the cause came on for hearing, and after argument of counsel for plaintiff and the defendant, said A. M. Stack, judge, granted, made and entered the following order: This matter now comes on to be heard before me on motion of the defendant Carolina Discount Corporation, to vacate and set aside the judgment heretofore rendered herein by his Honor, Thomas J. Shaw, at the September Term, 1933, of the Superior Court for Moore County, the same having been granted and made on the pleadings in the cause. And after hearing Murdoch M. Johnson, Esq., attorney for the defendant, Carolina Discount Corporation and Frank W. McCluer, Jr., attorney for the plaintiff herein, and it appearing to the court as a fact, that the judgment was not taken against the defendants through their mistake, surprise or excusable neglect, and it appearing that the issues of fact are properly raised by the pleadings herein for all over $217.93; and it *Page 535 
appearing that the judgment against the defendant, Carolina Discount Corporation, is an erroneous judgment and was erroneously granted for more than $217.93.
"The court, therefore, in which it is joined by the defendant Carolina Discount Corporation, orders that said judgment be and the same is hereby vacated and set aside; except that it is ordered, considered and adjudged that plaintiff's judgment stand against the defendant Carolina Discount Corporation in the sum of $217.93, and except in that particular, the cause stands for trial on its merits. The plaintiff may call for a new execution for the aforesaid sum of $217.93. This 29 December, 1933."
Plaintiff made the following exceptions and assignments of error and appealed to the Supreme Court: To that portion of the order providing that the judgment be vacated as being erroneous, reading as follows: "And it appearing that said judgment against the defendant Carolina Discount Corporation is an erroneous judgment, and was erroneously granted for more than $217.93, the court therefore, in which it is joined by the defendant Carolina Discount Corporation, orders that said judgment be and the same is hereby vacated and set aside."
To that further portion of the order adjudging that, except for the sum of $217.93 the case should be tried upon its merits, reading as follows: "Orders that said judgment be and the same is hereby vacated and set aside; except that it is ordered, considered and adjudged that plaintiff's judgment stand against the defendant Carolina Discount Corporation in the sum of $217.93, and except in that particular, the cause stands for trial on its merits."
This is a civil action tried at the September Term, 1933, of Moore Superior Court, before his Honor, Thomas J. Shaw, who rendered judgment in favor of the plaintiff and against the defendants, on the pleadings filed therein for the sum of $1,098.70 with interest. Thereafter at Chambers on 29 December, 1933, the defendant Carolina Discount Corporation at a hearing before his Honor, A. M. Stack, judge, moved to vacate the judgment rendered previously by Judge Shaw for the reason that said judgment was rendered against said defendant through its mistake, surprise and excusable neglect and for the further reason that said judgment was erroneously granted as to all sums in excess of $217.93. At said hearing his Honor, A. M. Stack, held erroneous the judgment previously rendered by Judge Shaw and vacated same in part, allowing plaintiff's judgment to stand for the sum of *Page 536 
$217.93 only, but his Honor, A. M. Stack, judge, found as a fact that plaintiff's judgment was not taken against the defendants through their excusable neglect, surprise or mistake and declined to vacate the judgment on that ground. We think the exceptions and assignments of error made by plaintiff must be sustained. In Wellons v. Lassiter, 200 N.C. 474
(477-478), is the following: "We think the judgment of Judge Small, if erroneous, the defendants should have appealed from same. This they did not do, and the judgment of Judge Lyon should be reversed. . . . `Erroneous judgment' is one rendered according to course and practice of court, but contrary to law, upon mistaken view of law, or upon erroneous application of legal principles. Finger v. Smith, 191 N.C. 818. . . . In Caldwell v.Caldwell, 189 N.C. at p. 809, we find: `A decision of one judge of the Superior Court is not reviewable by another judge. Dockery v. Fairbanks,172 N.C. 529. The power of one judge of the Superior Court is equal to and coordinate with that of another. A judge holding succeeding terms of a Superior Court has no power to review a judgment rendered at a former term upon the ground that such judgment is erroneous.' Phillips v. Ray,190 N.C. 152." For the reasons given, the judgment must be
Reversed.