## STATE v. J. W. HOLLINGSWORTH.

(Filed 20 June, 1934.)

**1. Attorney and Client E a—**

A judgment of disbarment entered at the instance of defendant upon his plea of *nolo contendere* to a charge of false pretense is not erroneous.

**2. Attorney and Client E c—Judgment of disbarment entered according to usual practice upon plea of nolo contendere is not irregular.**

A judgment of disbarment duly entered and certified to the Supreme Court upon defendant's plea of *nolo contendere* to a charge of false pretense and his agreement to surrender his law license, C. S., 205, as amended by chapter 134, Public Laws of 1927, upon which judgment the Supreme Court enters an order of disbarment, is not irregular, it having been entered according to the usual course and practice of the court at the instance of the defendant.

**3. Same: Judgments K f—Remedy to correct judgment is by motion in the cause if irregular and by appeal if erroneous.**

Where a judgment of disbarment is entered according to the usual course and practice of the court upon defendant's plea of *nolo contendere* to a charge of false pretense and his agreement to surrender his license, the Superior Court is without jurisdiction to hear a motion thereafter made to modify the judgment and recommend to the Supreme Court that defendant be reinstated on the ground that a plea of *nolo contendere* is not a confession of crime in open court, the judgment not being irregular, and defendant's remedy if the judgment be conceded erroneous, being by appeal or *certiorari.*

**4. Attorney and Client E c—**

The North Carolina State Bar is given authority by chapter 210, Public Laws of 1933, to deal with the admission to practice, discipline and disbarment of attorneys.

APPEAL by movant from *Alley, J.,* at February Term, 1934, of FORSYTH.

Motion in the cause to correct and modify judgment of disbarment and to recommend to the Supreme Court that defendant be reinstated as an attorney at law.

The facts are these:

1. At the January Term, 1926, Forsyth Superior Court, the defendant was tried on indictment charging him with false pretense, C. S., 4277, and convicted. On appeal, a new trial was ordered for error in requiring the defendant to produce certain private papers which were used in evidence against him, opinion filed 21 April, 1926, and reported in 191 N. C., 595, 132 S. E., 667.

2. Thereafter, at the July Term, 1927, the defendant entered a plea of *nolo contendere* to the charge preferred against him in the bill of indictment and agreed to surrender his law license. Judgment of disbarment was entered and certified to the clerk of the Supreme Court agreeably to the provisions of C. S., 205, as amended by chapter 134, Public Laws, 1927, then in force. Order of disbarment was thereupon entered in this Court 21 December, 1927.

3. The present motion was made at the February Term, 1934, Forsyth Superior Court, following the decision in *In re Stiers,* 204 N. C., 48, 167 S. E., 382, in which it was held that "a plea of *nolo contendere* does not amount to a 'conviction or confession in open court' of a felony," within the meaning of the disbarment statute.

4. The court held that it was without power to grant the prayer of the petitioner.

The movant appeals, assigning error.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*L. F. Klutz for defendant.*

STACY, C. J. Even if it be conceded that the original order of disbarment was erroneous in view of the decision in *In re Stiers,* 204 N. C., 48, 167 S. E., 382, which it is not as it was entered at the instance of the defendant and by his procurement, still the court was without authority to set it aside on motion made in the cause at the February Term, 1934. *Duffer v. Brunson,* 188 N. C., 789, 125 S. E., 619. The remedy for correcting an erroneous judgment is by appeal or *certiorari.* *Wellons v. Lassiter,* 200 N. C., 474, 157 S. E., 434; *Finger v. Smith,* 191 N. C., 818, 133 S. E., 186; *Moore v. Packer,* 174 N. C., 665, 94 S. E., 449.

There was nothing irregular about the judgment as it was entered according to the usual course and practice of the court, and at the instance of the defendant. *Finger v. Smith, supra.*

Furthermore, since the disbarment of movant, the North Carolina State Bar has been organized pursuant to chapter 210, Public Laws, 1933, with authority to deal with admission to practice, discipline and disbarment of attorneys. 205 N. C., 853, *et seq.*

Affirmed.