CLIFTON R. DAIL v. M. S. HAWKINS ET AL.

(Filed 24 February, 1937.)

1. **Judgments § 22—**

   An order of abatement is improperly set aside upon motion in the cause even if the order is erroneous if it were entered in accord with the course and practice of the court, the sole remedy against an erroneous judgment being by appeal or *certiorari*.

2. **Judgments § 25—**

   An irregular judgment is one entered contrary to the course and practice of the court.

3. **Judgments § 27—**

   An erroneous judgment is one entered contrary to law.

4. **Courts § 3—**

   A judge of the Superior Court may not vacate a prior order of another judge on the Superior Court for error of law, since no appeal lies from one Superior Court to another.

5. **Judgments § 23—**

   Presence of counsel for a party when a plea is heard precludes such party from asserting excusable neglect upon his motion to set aside the court's order entered upon the plea. C. S., 600.

APPEAL by defendants from *Barnhill, J.,* at October Term, 1936, of WASHINGTON.

Motion to vacate order of abatement.

At the January Term, 1936, *Harris, J.,* presiding, an order of abatement was entered in the instant cause, it appearing that in another action brought by George W. Harrison against the defendants herein for damages arising out of the same crossing collision, the present plaintiff had been made a party defendant to said action, by order of court, and had duly filed answer therein.

Upon motion duly heard at the October Term, 1936, the order of abatement entered at the January Term was vacated upon the dual ground of (1) irregularity and (2) excusable neglect.

Defendants appeal, assigning error.

*E. L. Owens and H. S. Ward for plaintiff, appellee.*
*Z. V. Norman and McLean & Rodman for defendants, appellants.*

STACY, C. J. Conceding, without deciding, that the order of abatement rendered at the January Term may have been erroneous, and therefore correctable by appeal, *Moore v. Packer,* 174 N. C., 665, 94 S. E., 449, still it is not perceived wherein it was irregularly entered. *Fowler v. Fowler,* 190 N. C., 536, 130 S. E., 315; *Roberts v. Allman,*

106 N. C., 391, 11 S. E., 424. An irregular judgment is one entered contrary to the course and practice of the court, *Harrell v. Welstead,* 206 N. C., 817, 175 S. E., 283; *Finger v. Smith,* 191 N. C., 818, 133 S. E., 186; *Duffer v. Brunson,* 188 N. C., 789, 125 S. E., 619; *Carter v. Rountree,* 109 N. C., 29, 13 S. E., 716; McIntosh N. C. P. & P., 736, while an erroneous judgment is one entered contrary to law. *Harrell v. Welstead, supra; Finger v. Smith, supra; Bank v. Broom Co.,* 188 N. C., 508, 125 S. E., 12; McIntosh N. C. P. & P., 735. Relief from the former may be had by motion in the cause, upon proper showing of irregularity and merit, *Groves v. Ware,* 182 N. C., 553, 109 S. E., 568, while the latter is subject to review only by appeal or *certiorari, S. v. Moore,* 210 N. C., 686; *Hood, Comr., v. Stewart,* 209 N. C., 424, 184 S. E., 36; *S. v. Hollingsworth,* 206 N. C., 739, 175 S. E., 99; *Newton v. Mfg. Co.,* 206 N. C., 533, 174 S. E., 449. No appeal lies from one Superior Court to another. *S. v. Lea,* 203 N. C., 316, 166 S. E., 292; *Wellons v. Lassiter,* 200 N. C., 474, 157 S. E., 434.

Nor is it perceived upon what ground the finding of excusable neglect can be sustained. It appears from the judgment that Edward L. Owens, counsel for plaintiff, "was present when the said plea in abatement was heard." This precludes any idea of excusable neglect. C. S., 600; *Carter v. Anderson,* 208 N. C., 529, 181 S. E., 750; *Kerr v. Bank,* 205 N. C., 410, 171 S. E., 367; *Land Co. v. Wooten,* 177 N. C., 248, 98 S. E., 706; *Roberts v. Allman, supra.*

The rights of the plaintiff were not destroyed by the order of abatement. He is yet to be heard in the *Harrison case,* if so advised. He was made a party to said action upon defendants' allegation that the collision in question was due to his negligence, and he has been allowed to plead therein.

Error.