### NORTH CAROLINA CORPORATION COMMISSION v. UNITED COMMERCIAL BANK.

(Filed 24 September, 1941.)

**1. Judgments § 29—**

An order was entered directing the receiver of an insolvent bank to pay petitioner's claim out of any unclaimed funds in hand belonging to the receivership. The University of North Carolina, which later claimed all unclaimed funds in the hands of the receiver, was not given notice of the petition or of the order. *Held:* Ordinarily, only parties and privies are bound by a judgment, and the order is not *res judicata* as to the University.

**2. Courts § 3—Prior orders held interlocutory and not binding upon intervener who was not a party, and therefore another judge had jurisdiction to hear and determine the controversy.**

A sheriff filed claim against the receiver of an insolvent bank on checks which the sheriff had accepted as payment of the drawers' taxes, the sheriff having paid the county the amount of the checks in his settlement of taxes. Upon the receiver's denial of the claim, the sheriff filed petition in the Superior Court, and the judge ordered that the receiver accept the claim and pay same out of any unclaimed funds of the receivership on hand. The receiver having failed to comply with the order, the same judge, upon his later return to the county in regular rotation, directed the receiver to file a report showing the amount of unclaimed funds in the receivership, and, upon the filing of the receiver's report showing a balance to the credit of the dividend account of the receivership, ordered that the receiver pay said sum to the sheriff. The University of North Carolina, which was not made a party and was not given notice of the application or of the orders entered pursuant thereto, later intervened and filed petition alleging that it was the owner of the said funds under the escheat laws, whereupon the same judge ordered that the prior orders entered should be suspended until further passed on, and directed that

the University appear at the next succeeding term and present its claim. *Held:* The prior orders were interlocutory, and further were not *res judicata* as to the University, and therefore the judge holding the next succeeding term of court in the county had jurisdiction to hear and determine the controversy and direct the application of the funds, which, still being in the hands of the receiver, were subject to the orders of the court.

APPEAL by intervening petitioner, the University of North Carolina, and receiver, the Branch Banking & Trust Company, from *Stevens, J.,* at July Term, 1941, of WASHINGTON.

In January, 1925, the United Commercial Bank, in an action entitled as above, was adjudged insolvent and the Branch Banking & Trust Company was appointed receiver thereof. Shortly before the closing of the bank J. K. Reid, as sheriff and tax collector of Washington County, received checks on said bank from depositors therein in payment of taxes due said county aggregating $1,347.57, for which he delivered to the drawers of said checks tax receipts for the respective amounts thereof, and also paid to said county the amount of said checks in his settlement of taxes. In July, 1927, before any dividends were paid by the receiver, Sheriff Reid filed claim, accompanied by the checks, with the receiver for the amount of said checks. The receiver held said claim and checks till 1936, and then notified Sheriff Reid that he could not pay said claim. Sheriff Reid then filed petition in the cause to compel the receiver to recognize the claim and pay the same out of any unclaimed funds in the hands of the receiver. Judge Harris heard the petition in February, 1936, and entered an order "that the Receiver accept the said claim as a claim against any unclaimed funds which it has on hand and that it pay to the petitioner the sum of $1,347.57 on account of the said unpaid checks out of any unclaimed funds which it has in hand belonging to the said Receivership." No exception was entered to this order. The petitioner, the University of North Carolina, was not given notice of the application therefor or of the order. The receiver failed to comply with this order, and stated from time to time that the auditors had not completed their audit of the receivership accounts and it was unable to determine the amount on hand applicable to the order of the judge. When Judge Harris returned to Washington County in regular rotation at the January Term, 1941, Sheriff Reid brought the matter to his attention and the judge directed the receiver to file report showing the amount it had on hand to apply on the claim and order heretofore filed and made. The receiver immediately, under date of 15 January, 1941, filed report in accord with this order showing a balance standing to the credit of the dividend account of the receivership of $651.36. Whereupon Judge Harris, at the January Term, 1941, of Washington County, entered order reinstating the receivership, which

had theretofore been closed, and directing the receiver "to pay over to J. K. Reid, Sheriff, the said sum of Six Hundred Fifty-One and 36/100 ($651.36) Dollars, and that his receipt shall serve as a full release and acquittance. . . ." · No exception was noted to this order. The petitioner, the University of North Carolina, was not made a party thereto and was not given notice thereof. No payment has been made by the receiver to J. K. Reid, Sheriff, under this order. On 23 June, 1941, the University of North Carolina filed a petition in the cause alleging that it, under the escheat laws of the State, was the owner of all unpaid and unclaimed proceeds of the liquidation, and that the $651.36, balance, standing to the credit of the dividend account of the receivership, is the property of the petitioner. J. K. Reid, Sheriff, filed answer to the petition of the University wherein he denied that it was owner of the funds in the dividend account of the receiver, and averred that he is the owner thereof according to law, and by virtue of the orders of Judge Harris. Whereupon Judge Harris "ordered, adjudged and decreed that the execution of all orders heretofore entered by Harris, Judge, in connection with and directing the payment of a certain fund in the hands of Branch Banking & Trust Company, Receiver of the United Commercial Bank, be, and the same are hereby suspended until further passed on, and the University of North Carolina is directed to appear before the judge presiding over the July Term, 1941, of Superior Court of Washington County and present whatever claim they may have for said fund, or show cause why the orders heretofore issued should be vacated or else the said orders shall be in full force and effect.

At the regular July Term, 1941, of Washington County, upon the last order of Judge Harris, the cause came on for hearing before Judge Stevens, who held that since one Superior Court judge has no authority to overrule another Superior Court judge, he was without jurisdiction or authority to pass upon the question involved, since it was already adjudicated by the former orders of Judge Harris.

To this holding and judgment of Judge Stevens, the intervening petitioner, the University of North Carolina, and the receiver, the Branch Banking & Trust Company, excepted and appealed, assigning errors.

*W. M. Darden for the University of North Carolina, appellant.*

*Norman & Rodman for Branch Banking & Trust Company, Receiver, appellant.*

*W. L. Whitley for J. K. Reid, Sheriff, appellee.*

SCHENCK, J. The sole question involved on this appeal is: Was Judge Stevens without jurisdiction or authority to pass upon the question presented by the last order of Judge Harris, namely, the validity of

the claim of the intervening petitioner, the University of North Carolina, to the funds standing to the credit of the dividend account of the receivership.    We think, and so hold, the answer to be in the negative.

While it is true, as was said in *In re Adams,* 218 N. C., 379, 11 S. E. (2d), 163, "It is an established rule in this jurisdiction that one Superior Court judge has no power to overrule the judgment or reverse the findings of fact of another judge of the Superior Court previously made in the cause, except in certain well defined cases which have no application here.    *Roulhac v. Brown,* 87 N. C., 1; *Henry v. Hilliard,* 120 N. C., 479, 27 S. E., 130; *Davis v. Land Bank,* 217 N. C., 145.    No appeal lies from one Superior Court judge to another.    *Wellons v. Lassiter,* 200 N. C., 474, 157 S. E., 434; *S. v. Lea,* 203 N. C., 316, 166 S. E., 292; *Dail v. Hawkins,* 211 N. C., 283, 189 S. E., 774," it is written in *Temple v. Telegraph Co.,* 205 N. C., 441, 171 S. E., 630, "It is likewise settled by the decisions that the principle of *res judicata* does not extend to ordinary motions incidental to the progress of a cause, but only to those involving substantial rights.    *Revis v. Ramsey,* 202 N. C., 815, 164 S. E., 358; *Townsend v. Williams,* 117 N. C., 330, 23 S. E., 461; *Allison v. Whittier,* 101 N. C., 490, 8 S. E., 338; *Mabry v. Henry,* 83 N. C., 298."

This is a controversy between the petitioner, the University of North Carolina, and the respondent, J. K. Reid, sheriff of Washington County. No one else has any financial or material interest therein.    The University of North Carolina was not made a party to the orders of Judge Harris, and was not given notice of the applications therefor.    Such being the case, the doctrine of *res judicata* had no binding effect upon it.    " 'Ordinarily, the rule is that only parties and privies are bound by a judgment.    *Bennett v. Holmes,* 18 N. C., 486; *Simpson v. Cureton,* 97 N. C., 112; *Hines v. Moye,* 125 N. C., 8.    No estoppel is created by a judgment against one not a party or privy to the record by participation in the trial of the action.    *Falls v. Gamble,* 66 N. C., 455; *LeRoy v. Steamboat Co.,* 165 N. C., 109.'    *Meacham v. Larus & Brothers Co.,* 212 N. C., 646."    *Rabil v. Farris,* 213 N. C., 414, 196 S. E., 321.

"The Receiver is an officer of the Court and is amenable to its instruction in the performance of his duties; and the custody of the receiver is the custody of the law.    *Simmons v. Allison,* 118 N. C., 761; *Pelletier v. Lumber Co.,* 123 N. C., 596; *Greenleaf v. Land Co.,* 146 N. C., 505. Courts of equity have original power to appoint receivers and to make such orders and decrees with respect to the discharge of their trust as justice and equity may require.    *Skinner v. Maxwell,* 66 N. C., 45; *Lasley v. Scales,* 179 N. C., 578."    *Blades v. Hood, Comr. of Banks,* 203 N. C., 56, 164 S. E., 828.

We are of the opinion that the orders of Judge Harris were made incidental to the progress of the receivership, and were interlocutory, and

that the doctrine of *res judicata* for this reason had no application thereto, and for the further reason that the University of North Carolina, the real party in interest in this controversy, was not given notice thereof and was not made a party thereto, and that the funds involved, still being to the credit of the receiver, are still under the jurisdiction of the court, subject to be distributed or paid out as the court may direct.

This cause is remanded that the controversy between the real parties in interest, the intervening petitioner, the University of North Carolina, and the respondent J. K. Reid, sheriff of Washington County, may be heard and determined.

The right or propriety of the appeal of the receiver presents a collateral question unnecessary to be answered on this appeal.

Reversed.