L. S. BLADES, JR., v. GURNEY P. HOOD, COMMISSIONER OF BANKS, ON RELATION OF SAVINGS BANK AND TRUST COMPANY OF ELIZABETH CITY, AND W. O. CRUMP, LIQUIDATING AGENT.

(Filed 15 June, 1932.)

1. Receivers A a—Equity has original power to appoint and instruct receivers.

Courts of equity have original power to appoint receivers for insolvent corporations, and to instruct the receivers in the performance of their duties, and the custody of the receiver is the custody of the law.

**2. Banks and Banking H c—Commissioner of Banks is statutory receiver and may be allowed to exercise certain powers not stated in statute.**

The Commissioner of Banks, as successor to the Corporation Commission in the liquidation of insolvent banks, is a statutory receiver, and chapter 215, Public Laws of 1931, provides that C. S., 1208, relating to receivers shall apply to the liquidation of insolvent banks when not inconsistent with section 218(c), and upon the insolvency of a bank the Commissioner of Banks is given possession and the right to possession of all property, rights, etc., with certain enumerated powers together with such incidental powers as are necessary to a sale of the insolvent bank's assets, 3 C. S., secs. 218(c), (e), but the functions of the Commissioner of Banks are not limited to the provisions of section 218(c), and the courts of equity have inherent power to permit the Commissioner of Banks to exercise the functions of a chancery receiver in matters which are not inconsistent with his statutory duties.

**3. Same—Courts of equity may allow Commissioner of Banks to pledge bank's assets for loan from Reconstruction Finance Corporation.**

The effort of the Federal Congress to aid closed banks in time of financial stringency has given rise to an emergency not foreseen when our State banking laws were revised, and a court of equity has inherent power to. permit the Commissioner of Banks to pledge the assets of an insolvent bank to secure a loan from the Federal Reconstruction Finance Corporation, but the right to so borrow money and pledge the assets is not absolute, but must be determined by the court upon inquiry into all the facts, including those relating to the condition of the bank and the terms imposed for the proposed loan in the court's administration of justice among those having a pecuniary interest in the affairs of the bank, the court retaining control and supervision of the Commissioner with respect to all matters involved in the loan.

APPEAL by defendants from *Small, J.,* at Chambers in Elizabeth City, 3 May, 1932. From PASQUOTANK. Reversed and remanded.

This is an action to enjoin the defendants from borrowing money from the Reconstruction Finance Corporation and pledging assets for the purpose of hastening the payment of dividends to the creditors and depositors of the Savings Bank and Trust Company of Elizabeth City.

The plaintiff alleges that prior to 19 December, 1930, the Savings Bank and Trust Company was an active banking institution organized and existing under the laws of North Carolina; that he owns fifteen shares of the capital stock, each of the par value of fifteen hundred dollars; that on the date above given the bank was closed and taken over by the Corporation Commission for the purpose of liquidation; that it has since been in process of liquidation and is now in the possession and under the control of the Commissioner of Banks, successor to the Corporation Commission, who intends and threatens to borrow $350,000 from the Reconstruction Finance Corporation and

to pledge all or a large part of the assets of the bank as security for the loan; that there is no authority in law to procure the loan or to pledge the assets; and that if the defendants accomplish their purpose the plaintiff and other stockholders will be irreparably damaged.

The defendants filed an answer admitting their purpose to borrow the money and to pledge the assets of the bank and asserting that this course is an appropriate and needful part of their duties in the administration of their trust. They allege that they have complied with the requirements of the Act of Congress, and that the loan of the proposed amount or of such amount as the corporation will lend, instead of injuring the plaintiff and other stockholders, will afford relief to those whose money and investments are now in assets which cannot immediately be liquidated.

The trial court enjoined the defendants from borrowing the money and from pledging the assets of the bank, and the defendants excepted and appealed.

*Worth & Horner for plaintiff.*
*Thompson & Wilson and Connor & Hill for defendants.*

ADAMS, J. On 22 January, 1932, the Congress of the United States approved "An act to provide emergency financing facilities for financial institutions, to aid in financing agriculture, commerce and industry, and for other purposes." The act created a body corporate under the name of "Reconstruction Finance Corporation," upon which it conferred power to make loans to banks, including loans secured by the assets of any bank that is closed or in process of liquidation, and to aid in such liquidation upon application of the receiver or liquidating agent. All loans must be adequately secured, and the corporation may take over or provide for the administration and liquidation of any collateral accepted by it as security for loans.

The right of the corporation to lend money to those who are in charge of a closed bank is not in controversy; the contested point is whether the defendants have the legal right to borrow money from the corporation and to secure payment by pledging the assets of the bank.

Persons, companies and corporations transacting the business of banking within this State pursuant to its laws were formerly under the supervision of the Corporation Commission. It was the duty of this Commission through the Chief State Bank Examiner and other agents to enforce and execute all State laws relating to banks; and to this end it was empowered to promulgate appropriate rules, regulations, and instructions. It was authorized to take possession of the business and property of

any bank that disregarded prescribed statutory requirements, and in such case, or in the event of insolvency, to apply to the courts for the appointment of a receiver whenever the interests of creditors, depositors, or stockholders called for such appointment. Under the direction and orders of the court the receiver took over the assets, made collections, disposed of or compounded doubtful debts, sold real and personal property, paid dividends, and when necessary enforced the personal liability of stockholders. The bank remained under the supervision of the Corporation Commission, but the receiver was subject to the orders of the court. Pub. Laws 1921, chap. 4, secs. 16, 17.

There are numerous cases in which courts of competent jurisdiction apply equitable remedies which have for their object the prevention, rather than the redress, of injuries. One of the familiar cases is that of an insolvent corporation, the title to whose property rests in the receiver, when appointed, for the purpose of executing the trust. *Pants Co. v. Ins. Co.,* 159 N. C., 78. The receiver is an officer of the court and is amenable to its instruction in the performance of his duties; and the custody of the receiver is the custody of the law. *Simmons v. Allison,* 118 N. C., 761; *Pelletier v. Lumber Co.,* 123 N. C., 596; *Greenlief v. Land Co.,* 146 N. C., 505. Courts of equity have original power to appoint receivers and to make such orders and decrees with respect to the discharge of their trust as justice and equity may require. *Skinner v. Maxwell,* 66 N. C., 45; *Lasley v. Scales,* 179 N. C., 578.

It was presumably upon this theory that the Legislature provided in the Public Laws of 1921, chapter 4, section 19, "That article ten, chapter twenty-two, of the Consolidated Statutes relating to receivers (C. S., 1208), when not inconsistent with this act, shall apply to receivers appointed hereunder"—*i. e.* the receivers referred to in chapter 4, section 17 of the act of 1921.

At the session of 1927 the General Assembly amended section 17 of the act of 1921 by providing that whenever a bank became insolvent the Corporation Commission should take charge of the business and assets for the purpose of liquidation. The provision for the appointment of a receiver was repealed. Pub. Laws 1927, chap. 113. But section 19, *supra,* which retains Article 10, chapter 22, was neither repealed nor materially modified.

In 1930 all the powers vested in the Corporation Commission with respect to banks were transferred to the Commissioner of Banks, and former laws relating to banks and banking were conformably amended. Pub. Laws 1931, chap. 243. No provision is made for the appointment of a receiver, but section 19, above cited, Laws 1921, chap. 4, 3 C. S., sec. 218(e), was stricken out and reënacted in the following words: "Article

ten, chapter twenty-two of the Consolidated Statutes relating to receivers, when not inconsistent with the provisions of section 218(c), shall apply to the liquidation of insolvent banks." Pub. Laws 1931, chap. 215.

Section 218(c), prescribes certain rules by which the liquidation of insolvent banks is to be effected. The Commissioner of Banks shall take possession of the bank, its assets and its business, and shall retain possession until the bank is authorized to resume business, or until its affairs are liquidated, or until the surrender of possession is ordered by a judge of the Superior Court under the provisions of this section. Any bank may place its assets and business under the control of the Commissioner of Banks for liquidation, but no bank shall make any general assignment for the benefit of its creditors save by turning over its assets to the Commissioner.

After he takes possession of a bank the Commissioner must file with the clerk of the Superior Court a notice of his action and his reason therefor, and this notice shall be equivalent to a summons and complaint against the bank in an action in the Superior Court. His possession of the bank shall operate as a bar to any attachment or other legal proceeding against the bank or its assets; no lien on its assets shall be acquired; and every transfer or assignment thereafter made by the bank shall be void. Any bank deeming itself to be aggrieved may apply for an injunction, and the judge may dismiss the application or enjoin further proceedings. Permission to resume business may be allowed by the Commissioner on approved conditions.

The Commissioner is given the possession and the right to the possession of all the property, rights, and privileges of the bank for liquidation and sale, together with such incidental powers as are necessary to a sale. He must give bond, file an inventory, notify claimants, accept or reject claims, file reports, provide for unpaid and unclaimed deposits, and finally make a full settlement of his trust.

Subsection 7 of section 218(c) in part provides: "Upon taking possession of the assets and business of any bank by the Commissioner of Banks, the Commissioner of Banks, or the duly appointed agent, is authorized to collect all moneys due such bank, and to do such other acts as are necessary to conserve its assets and property, and shall proceed to liquidate the affairs thereof, as hereinafter provided. The Commissioner of Banks, or the duly appointed agent, shall collect all debts due and claims belonging to such bank, by suit, if necessary; and, by motion in the pending action, and upon authority of an order of the presiding or resident judge of the district may sell, compromise or compound any bad or doubtful debt or claim, and may upon such order, sell the real

and personal property of such bank on such terms as the order may provide or direct, except that, where the sale is made under power contained in any mortgage or lien bond or other paper wherein the title is retained for sale and the terms of sale set out, sale may be made under said authority. Upon the motion made, the bank or any person interested may be heard, but the judge hearing the motion shall enter such order as in his discretion will best serve the parties interested."

From the foregoing synopsis of section 218(c) the plaintiff deduces the conclusion that the Commissioner of Banks is not an officer of any court; that his duties are imposed and his powers are prescribed by the Legislature; that he exercises functions independently of the courts and is subject to judicial supervision only in the few instances set forth in this section. It is contended that the powers enumerated in subsection 7 do not include the right to borrow money or to pledge the assets of the bank.

It may be granted that there is authority in support of the plaintiff's position if the functions of the Commissioner of Banks are restricted to the provisions of section 218(c). In an opinion delivered on 26 April, 1932, the Supreme Court of Utah considered the question whether under the laws of that State the Commissioner of Banks was authorized to borrow money from the Reconstruction Finance Corporation and to mortgage or pledge the assets of the bank as security for the loan. *Riches v. Hadlock, et al.,* .....Pac. (2nd), ...... The decision of the Court is favorable to the argument made by the plaintiff in the case before us; but while the powers conferred upon the Commissioner of Banks in the two states are in several respects impressively similar there is a marked divergence with respect to an important fact. The laws of Utah provided in express terms that no receiver should be appointed by any court, and in its opinion the Supreme Court of Utah observed: "By the statute referred to it is clear that as to banks and banking institutions the Legislature in such case took from the courts or attempted to do so, their time-honored equity or chancery prerogatives in the appointment of receivers and in directing and controlling them as officers of the court." Also it was remarked that the commissioner's custody of the property was not, as is the custody of a receiver appointed by the court, the custody of the court.

In enacting the banking laws of North Carolina the General Assembly declined to interfere with the "chancery prerogatives" of the courts and retained Article 10, chapter 22, C. S., 1208, relating to the appointment of receivers, making it applicable to the liquidation of insolvent banks when not inconsistent with the provisions of section 218(c). Code, 1931, sec. 218(e).

Under our laws the Commissioner of Banks exercises functions formerly exercised by a receiver appointed by a court of equity. In a case recently decided his predecessor, the Corporation Commission, was held to be a statutory receiver. *In re Trust Co.,* 198 N. C., 783. We do not conceive it to have been the intention of the Legislature to take from courts of equity their inherent power to permit the Commissioner of Banks to exercise the functions of a chancery receiver in matters which are not inconsistent with his statutory duties. The present is a case calling for the exercise of equitable jurisdiction. An emergency has arisen which was not foreseen or in the contemplation of the General Assembly when our banking laws were revised. The emergency has its origin in an effort of the Federal Congress to aid closed banks in a time of financial stringency; and we are unable to perceive any adequate reason for denying the defendants an opportunity to apply to the proper court for the proffered relief. The right to borrow money and to pledge the assets is not absolute; it must be determined by a court of equity in its administration of justice among those who have a pecuniary interest in the affairs of the bank. The court may inquire into all the facts, including those relating to the condition of the bank and the terms imposed by the corporation for the proposed loan, retaining the control and supervision of the Commissioner with respect to all matters involved in the loan as in like manner with any other chancery receiver. The whole matter may be inquired of in the pending action and upon such amendments to the pleadings, if any, as may be necessary or expedient. The judgment of the Superior Court is reversed and the cause is remanded.

Reversed and remanded.