C. D. KENNY COMPANY, ARMOUR AND COMPANY AND EFIRD'S DEPARTMENT STORE, WHO SUE HEREIN ON BEHALF OF THEMSELVES AND ALL OTHER CREDITORS OF THE HINTON HOTEL COMPANY WHO MAY DESIRE TO COME IN AND SHARE IN THE BENEFITS OF THIS CREDITOR'S BILL, v. HINTON HOTEL COMPANY.

(Filed 23 May, 1934.)

1. **Creditors' Bill D b—Held: order for sale of property should have required that sale be reported to court for confirmation or rejection.**

Certain creditors of a hotel company filed a creditors' bill against it, and in the proceedings temporary receivers were appointed who were later made permanent receivers. Thereafter the holders of a prior, registered deed of trust against the hotel property filed a petition to be allowed to sell the property under the terms of the deed of trust as

though receivers had not been appointed. The court allowed the petition and ordered the property sold by petitioners under the deed of trust, and retained the cause for further orders: *Held*, the court's order should have required petitioners to report the sale to the .court for confirmation or rejection in accordance with whether the price bid at the sale was adequate and equitable, and to this end the order is modified and affirmed, the court having the power in its equitable jurisdiction and under chapter 275, Public Laws of 1933, to reject the sale if the price bid should be inadequate or would result in irreparable damage to the creditors or stockholders, and it is immaterial whether the appearance of petitioners was general or special.

**2. Creditors' Bill D a—Under facts of this case it is held proper for the receivers to rent the property pending sale and confirmation.**

Where in a creditors' bill the property of the debtor is ordered sold by the court and the sale is required to be reported to it for confirmation or rejection in accordance with whether the bid at the sale is adequate and equitable, the receivers appointed in the cause may, with the consent of the holders of a first lien upon the property, rent the same pending the sale and confirmation, and hold the rents therefrom to be distributed in accordance with the rights of the parties, it appearing that such action is urgent in view of the fact that the property is suitable solely as a summer resort and that the season in which it can be operated is near in point of time.

**3. Appeal and Error A d—Order in this case held to affect substantial right and was appealable.**

An order in this case that the holders of a first lien upon the property of a debtor should be allowed to sell the property under their registered deed of trust although a creditors' bill had been filed and permanent receivers appointed for the property, and retaining the cause for further orders, *is held* to affect a substantial right and was appealable.

APPEAL by plaintiffs from *Cranmer, J.,* at November Term, 1933, of NEW HANOVER. Modified and affirmed.

This is a creditor's bill filed by plaintiffs against the defendant on 27 October, 1933. The prayer is as follows: "(1) That this honorable court appoint a receiver to take custody and control of all the property of the defendant and preserve the same for the benefit of all the creditors. (2) That the said receiver be empowered to insure the said property for a sum sufficient at least to protect all the creditors. (3) For such other and further relief in the premises as the nature and equity of this case may require and to this honorable court may seem meet." Temporary receivers were appointed.

On 18 November, 1933, the temporary receivers were made permanent. J. N. Bryant and George H. Howell, trustee, held a first deed of trust on all of defendant's real and personal property, in the sum of $15,000 and interest, less certain installments paid. This deed of trust to secure the indebtedness was duly recorded in the register of

deeds office of New Hanover County, in Book 219 at p. 412. Two quarterly payments have been made on the indebtedness, of $225.00 each. Taxes on defendant's property to the county of New Hanover and the town of Wrightsville Beach, have not been paid for several years. J. N. Bryant has had to pay the insurance on the property. On 6 November, 1933, Bryant and Howell, trustee, filed a petition in the cause and the prayer is as follows: "Wherefore your petitioners pray the court that it make an order authorizing and permitting your petitioners to appeal specially herein for that purpose alone in securing an order and having the court allowing your petitioners to proceed with the foreclosure of the deed of trust mentioned in this cause, and for such other relief as your petitioners may be entitled to and as to this honorable court shall seem meet and proper."

Several affidavits are in the record as to the worth of the property in controversy. One thinks that it is worth "at least the sum of $50,000"—another, that it is "assessed for taxation for over $50,000"—another affidavit is to the effect that a bonus of $750.00 was charged for the loan of $15,000. The following order was made by Judge Cranmer, on 18 November, 1933: "This cause coming on to be heard upon the petition of J. N. Bryant and George H. Howell, trustee, asking the court to allow them to enter a special appearance herein without becoming parties hereto, and to further allow them, or either of them, to sell the lands, premises and property described in the deed of trust made by the Hinton Hotel Company to George H. Howell, trustee, dated 1 June, A.D. 1931, and registered in the office of register of deeds of New Hanover County in Book No. 219, at page 412, et seq., by through and under the terms of the said deed of trust and under the power of sale therein granted, and in aid of the collection of the indebtedness secured thereby, the same as though and with like effect as if receivers of the Hinton Hotel Company had not been appointed by the court, and being heard, and the court being of the opinion that the motion of the petitioners should be granted. Let the trustee pay the sum of three thousand dollars into this court upon sale of the property, the title to said sum to be hereafter adjudicated.

"It is therefore ordered by the court that the petitioners be, and they are hereby allowed to so appear specially without becoming parties hereto, and permission is hereby granted to the petitioners and both of them to proceed to advertise and sell the lands and premises and property described in the deed of trust heretofore mentioned under, by, through and pursuant to the terms of the said deed of trust. And this cause is retained for further orders."

To the foregoing order, plaintiffs and defendant except and appeal to the Supreme Court. J. N. Bryant and George H. Howell, trustee,

assign no error. The plaintiff's creditors appeal to the Supreme Court and assign as error: "(1) That his Honor was in error in deciding that the petitioner, J. N. Bryant, had the right to file a special appearance and in holding that the said appearance was not a general appearance. (2) That the order appointing receivers took from the petitioning creditors, Bryant and Howell, trustee, the right to foreclose under the power of sale in a mortgage or deed of trust, and the same devolved upon the receivers. (3) That the order was irregular and void, because having made in law a general appearance, and the affidavits showing there was an equity of redemption of value, the court could not and ought not to have signed the order authorizing the trustee to proceed to sell the property. (4) That the fact that he directs the trustee to pay into court the sum of three thousand dollars necessarily shows that the petitioners, Bryant and Howell, trustee, were parties to the creditors' proceeding, subject to the orders of the court therein made, and the power of foreclosure by a trustee was suspended until there could be or should be an adjudication of the petitioner's debt, which was disputed by a number of the creditors, and the amount of the said debt should have been ascertained before foreclosure, so as to permit the creditors to ascertain the amount necessary to be paid for the property. All of which is respectfully submitted."

*John D. Bellamy, Woodus Kellum, William M. Bellamy and Emmett H. Bellamy for appellants.*
*Bryan & Campbell for petitioners.*

CLARKSON, J. From the facts appearing on this record, we think it immaterial to decide whether the petition of J. N. Bryant and George H. Howell, trustee, was a special or general appearance. *Buncombe County v. Penland, ante,* 299 (304). The defendant corporation was in the hands of receivers. Bryant and Howell, trustee, filed a petition in the cause praying that they be permitted to appear specially for the purpose alone, of securing an order to proceed to foreclose the deed in trust securing the $15,000 and interest less payments already made. *Pelletier v. Lumber Co.,* 123 N. C., 596 (600); *Bolich v. Ins. Co.,* 202 N. C., 789 (792); *Blades v. Hood, Comr.,* 203 N. C., 56 (59); see concurring opinion of *Clark, J.,* in *Pelletier case, supra; Leak v. Armfield,* 187 N. C., 625.

The court below granted the petition of Bryant and Howell, trustee. It further ordered the trustee to pay the sum of $3,000 into court and upon sale of the property, the title to said sum to be hereafter adjudicated. The order further provided "And this cause be retained for further orders." The sole question presented was the order as to the

sale of the property, under the deed of trust. Bryant and Howell, trustee, appeared in the receivership action and it makes no difference if the appearance is special or general and petitioned for a sale of the property, when this was granted it was incumbent that Bryant and Howell, trustee, report to the court the sale for confirmation or rejection and if the price was inequitable, inadequate and would result in irreparable damage, the court in its equitable jurisdiction has the right to order resale so that the property shall bring a conscionable price. In *Woltz v. Safe Deposit Co., ante,* 239: The constitutionality of chapter 275, Public Laws of 1933, entitled, "An act to regulate the sale of real property upon the foreclosure of mortgages or deeds of trust," is upheld and the reasons given therefor. *Whitaker v. Chase, ante,* 335; *Hopkins v. Swain, ante,* 439. Until final confirmation of the sale of the property made by Bryant and Howell, trustee, the receivers may—with the consent of Bryant and Howell, rent the property and the fund arising out of rental, held to discharge the liens on the property or paid ultimately to the parties entitled thereto, under the decree of the court. This course can be pursued, as it is contended on the argument, that the hotel property is a summer resort hotel and there is urgency in the matter. If the procedure is not followed as herein indicated, under the facts and circumstances of this case, the beneficent provisions of chapter 275, Public Laws of North Carolina, 1933, will be nullified and the equitable arm of the court paralyzed. Hon. John D. Bellamy, one of the nestors of the Wilmington bar, on the argument in this Court eloquently portrayed how the equities of the creditors and the Hotel Company would be wiped out—if equity did not step in and give relief. The stockholders consisted of nearly 100 citizens of Wilmington, who paid in nearly $100,000. The general unsecured creditors amounted to $2,700. The taxes unpaid, $3,100. As said, the land when sold under the Bryant and Howell, trustee, deed of trust for the $15,000 and interest and insurance advanced, less installments paid, should be reported to the court so that it can be determined if the price is not inequitable, inadequate and would not result in irreparable damage. Courts of equity, irrespective of the statute of 1933, have the inherent right to pursue the course as herein indicated. We think that the order affected a substantial right and an appeal was proper. In accordance with this decision, the judgment of the court below is

Modified and affirmed.